The CHIEF JUSTICE
 

 delivered the opinion of the court.
 

 The record presents but one question which has not been heretofore fully considered and repeatedly adjudicated. That question is, whether the'board of supervisors of Mercer-County can be sued in the Circuit Court, of the United' States.by citizens of other States than Illinois. It presents but little difficulty.
 

 The board of supervisors is a corporation created'by acts of the legislature of Illinois.
 

 It has never, been doubted 'that a corporation, all the members of which reside in the State creating it, is liable to suit upon its contracts by the citizens of other States;'but it was for many years much controverted whether an alié-. gation in
 
 a¿
 
 declaration that a corporation defeudan t was incorporated by a State other than that of the plaintiff, and established within its limits, was a sufficient averment of jurisdiction. And in all the cases, prior to 1844, it was held necessary to aver the requisite citizenship of the corporators. Then the whole question underwent a thorough, re-examination in the case of
 
 The Louisville, Cincinnati, and Charleston Railroad Company
 
 v.
 
 Letson;
 

 *
 

 and it was held that a corporation created by the laws of a State, and having its place-of business within that State, must, for the purposes of suit, be - regarded as a citizen within the meaning of the Constitution giving jurisdiction founded upon citizenship. This decision has been since reaffirmed, and must now be taken as the settled construction of the Constitution.
 

 In the case before us ,the corporators are all citizens of
 
 *122
 
 Illinois, and the corporation is liable to suit within the narrowest construction of the Constitution.
 

 But it was argued that counties in Illinois, by the- law of their organization, were exempted from suit-elsewhere than in the Circuit Courts of the county. . And this seems to be the construction given to the statutes concerning counties by the Supreme Court of Illinois. But that court has never decided that a county in Illinois is exempted from liability to suit in National courts. It is unnecessary, therefore, to consider what would be the effect of such a decision. It is enough for this case that we find the board of supervisors to be a corporation authorized to contract for the county. The power to contract with citizens of other States implies liability to suit by citizens of other States, and no statute limitation of suability can defeat a jurisdiction given by the Constitution. ¥e cannot doubt the constitutional right of the defendant in error to bring suit in the Circuit Court of the .United States upon the obligations of the County of Mercer against the plaintiff in error. And we find no error in the judgment of that ¡court. It must, therefore, be
 

 Aeeirmed.
 

 *
 

 2 Howard, 497.