HOOVER *v.* CRAWFORD COUNTY.

*(Circuit Court, W. D. Arkansas. June 13, 1889.)*

FEDERAL COURTS—JURISDICTION—ACTIONS AGAINST COUNTIES.

If a legislature of a state permits a county to contract and issue obligations as evidences of indebtedness to citizens of other states, such legislature cannot prevent such citizens from bringing suits in a federal court in the state of the county by a law which provides that counties cannot be sued, for the laws of the state permit the counties to create on behalf of the citizens of

other states a property right as against the counties, and this gives the right to such citizens to sue the counties in the federal courts. And such right is one which is beyond the control of any legislative action of the state, and can be regulated alone by the constitution and laws of the United States.

*(Syllabus by the Court.)*

At Law.

Suit by J. W. Hoover against the county of Crawford, on 59 pieces of county scrip of different values, and of the aggregate value of $3,000. All of said scrip bears date July 12, 1887. Defendant demurs to the complaint "because it fails to state facts sufficient to constitute a cause of action."

*Du Val & Cravens,* for plaintiff.

*Lee Sandels & Warner,* for defendant.

PARKER, J. It is claimed in this case that the defendant county cannot be sued because its suable character has been taken away, unless the right is asserted in its own court, by the act of the legislature of Arkansas of February 27, 1879. At that date the legislature passed the following act:

"Section 1. That sections 937, 938, 939, 944, 945, 946, 947, 948, 949, and 4516 of Gantt's Digest of the Statutes of Arkansas, and all laws and parts of laws making counties corporations, and authorizing them to sue and be sued as such, be, and they and each and every of them are hereby, repealed. Sec. 2. That hereafter all persons having demands against any county shall present the same, duly verified according to law, to the county court of said county for allowance or rejection. From the order of the county court thereon appeals may be prosecuted, as now provided by law. If on any such appeal the judgment of the county court is reversed, the judgment and reversal shall be certified by the court rendering the same to the county court, and the county court shall thereupon enter the judgment of the superior court as its own. Sec. 3. When any county has any demand against any persons or corporations, suit thereon may be brought in the name of the state for the use of the county. * * *"

The sections of the general law of the state referred to in the act set out above as being repealed by said act provide that the counties may sue and be sued, and also for the method of getting service on them. The purpose of the legislature evidently was to take away from the federal courts the right to entertain a suit against the county in the state. We have a right to infer this from the nature of the act passed by the legislature of the state, and from the existing condition of things at the time the act was passed. Previous to that time many suits had been brought in the federal courts in the state against counties upon evidences of indebtedness similar in character to these sued on in this suit. Judgments had been obtained, and payment compelled, by such courts. I have never heard that any act of intentional wrong or injustice had been done by these courts. They had simply enforced the collection of honest debts. This act seems to me to be but the exhibition of a foolish and futile purpose founded on an unwarrantable and unreasonable prejudice against federal courts, which are as much the courts of the whole people as the courts of the counties or of the circuits in a state. Can

the purpose of this act be accomplished by the legislature of the state? The legislature has not taken away the whole character of the county as such. Under the general laws of the state it has a right to make contracts, and to issue obligations similar to the ones sued on here. To this extent the legislature has left the county with a function characteristic of a corporate existence. For this purpose it is a civil division of a state, and, consequently, to this extent a county. It is an axiom of the law of this country that the legal jurisdiction of the United States courts comes from the constitution and laws of the United States; and under our system it can come from no other source. And when the conditions exist which under the constitution and laws of the United States give jurisdiction, the same is free from the touch of any legislative body of a state as the legal jurisdiction of the state courts is free from the touch of congress. I think it enough for this case to find that the defendant county had a right to contract with a citizen of another state. This right to contract implies liability to suit by a citizen of another state, and this gives jurisdiction to the federal courts. The supreme court of the United States, in *Cowles* v. *Mercer Co.*, 7 Wall. 118, which is a case analogous in principle to this, said:

"It is enough for this case that we find the board of supervisors to be a corporation authorized to contract for the county. The power to contract with citizens of other states implies liability to suit by citizens of other states, and no statute limitation of suability can defeat a jurisdiction given by the constitution."

This seems to be conclusive of this question. In *Payne* v. *Hook,* Id. 430, the supreme court says:

"We have repeatedly 'held that the jurisdiction of the courts of the United States over controversies between citizens of different states cannot be impaired by the laws of the states which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power.'"

The laws of the state give the county the power to create on behalf of the plaintiff a property right as against it. In *Railway Co.* v. *Whitton,* 13 Wall. 270, the supreme court of the United States decides it is a correct principle that "whenever a general rule as to property or personal rights or injuries to either is established by state legislation, its enforcement by a federal court in a case between proper parties is a matter of course, and the jurisdiction in such case is not subject to state limitation." In *Bank* v. *Jolly's Adm'rs,* 18 How. 506, the supreme court of the United States declared that—

"The law of a state limiting the remedies of its citizens in its own courts cannot be applied to prevent the citizens of other states from suing in the courts of the United States in that state for the recovery of any property or money there, to which they may be legally or equitably entitled."

The doctrine of the above cases has been declared by the supreme court as long ago as the case of *Suydam* v. *Broadnax,* 14 Pet. 67. In *Hyde* v. *Stone,* 20 How. 175, the supreme court declares:

"This court has repeatedly decided that the jurisdiction of the courts of the United States over controversies between citizens of different states cannot

be impaired by the laws of the states which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power. In many cases state laws form a rule of decision for the courts of the United States, and the forms of proceeding in these courts have been assimilated to those of the states, either by legislative enactment or by their own rules. But the courts of the United States are bound to proceed to judgment, and to afford redress to suitors before them, in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction."

The principle of all these cases has again but recently been reiterated by the supreme court in the case of *Ellis* v. *Davis*, 109 U. S. 498, 3 Sup. Ct. Rep. 327. Indeed, there is not and cannot be any dissent from it. Then, as long as the legislature of the state leaves the counties with the power to make contracts with citizens of other states, to create thereby a property right in favor of such citizens, the right to sue the counties in the federal courts exists.

It has been suggested that this scrip was taken by plaintiff subject to all the laws of the state. This is true, but he takes it subject to all valid laws. If a so-called "law" is invalid under that which is the supreme law of the land,—the constitution of the United States,—then such statute is not a law, but only a simple declaration of a law-making power that is a nullity. I regard the point discussed above as the only one in the case; and, in the face of the settled law, the demurrer in this case must be overruled.