422 P.2d 187

NEIL B. McGINNIS EQUIPMENT CO., a corporation, Copperstate Tractor Inc., a corporation, Western Frontier Machinery Co., a corporation, Road Machinery Co., a corporation, Appellants,

v.

L. Alton RIGGS, B. W. Burns and Mrs. James T. O'Neill, as members of and constituting the Board of Supervisors of Maricopa County, Arizona, and Rhea Woodall, as Clerk of the Board of Supervisors of Maricopa County, Arizona, and Empire Machinery Co., Appellees.

No. 1 CA–CIV 218.

Court of Appeals of Arizona.

Jan. 4, 1967.

Rehearing Denied Feb. 3, 1967.

Review Denied Feb. 28, 1967.

Snell & Wilmer, by Mark Wilmer, Phoenix, for appellants.

Robert K. Corbin, Maricopa County Atty., by Henry J. Florence, Chief Civil Deputy Atty., for appellee, Board of Supervisors of Maricopa County.

Fennemore, Craig, Allen & McClennen, by Philip E. von Ammon, Phoenix, for appellee, Empire Machinery Co.

DONOFRIO, Judge.

The appellants who were plaintiffs before the Superior Court of Maricopa County in a complaint for a declaratory judgment and injunctive relief appeal the action of that court in granting defendants' motion to dismiss.

The plaintiffs are four dealers in motor graders who protest the call by the Board of Supervisors of Maricopa County for bids for six new motor graders. The defendants are the Board of Supervisors and the successful bidder, Empire Machinery Company, whose request to intervene was granted by the Superior Court.

Essentially, the call for bids requires three things: (1) a sale price, (2) a guarantee that the cost of repairs during the first five thousand hours or four years will not exceed a specified amount, and (3) that the successful bidder will repurchase the motor grader at a specified price at the end of five thousand hours or four years.

The Board of Supervisors then used a formula to determine the lowest bidder. First, the sale price was used. To that price was added the amount which was guaranteed to be maximum amount of cost of repairs to the county. Finally, from the combination was subtracted the guaranteed repurchase price. The lowest responsible bid was then selected.

The facts were stipulated so the court below ruled only on questions of law. Several questions were presented. Since the answer to one of them must dispose of this appeal, we deal only with the question of whether the county can sell public property by other methods than under the provisions of A.R.S. § 11–251.

"§ 11–251. Powers of board

"The board of supervisors, under such limitations and restrictions as are prescribed by law, may:

\*   \*   \*   \*   \*   \*

"9. Sell at public auction at the courthouse door, after thirty days previous notice given by publication in a newspaper of the county, and convey to the highest bidder, for cash or contract of purchase extending not more than five years from date of sale and upon such terms and conditions and for such consideration at the board shall prescribe, any property belonging to the county which the board deems advantageous for the county to sell, or which the board deems unnecessary for use by the county, \*   \*   \*"

The defendants contend that auction is not the only method of sale. They cite A.R.S. § 11–201:

"Powers of county

\*   \*   \*   \*   \*   \*

"4. Make such orders for the disposition or use of its property as the interests of the inhabitants of the county require."

From this general power defendants would imply the power of private sale whenever the Board of Supervisors in their discretion felt such a sale to be in the interests of the inhabitants.

■ We disagree. A.R.S. § 11–201 is a general statement of corporate powers. Like any broad statement of power, it is an outline for the more specific statements which are later made. Each of the five subsections of A.R.S. § 11–201 are amplified for clarity by other sections later in Chapter 2 of Title 11 and are thereby limited. It is a basic rule of statutory construction that a specific statute limits a general statute on the same subject. Moeur v. Chiricahua Ranches Co., 48 Ariz. 226, 241, 61 P.2d 163 (1936); Knape v. Brown, 86 Ariz. 158, 342 P.2d 195 (1959).

In Hartford Accident Etc. Co. v. Wainscott, 41 Ariz. 439, 19 P.2d 328 (1933), in discussing Rev.Code 1928, § 761, which was the source of A.R.S. § 11–201(4), the Supreme Court said:

"* * * We are of the opinion it was rather meant to give discretion in the manner of use of the property of the county so long as that use was within the specific powers otherwise granted."

What is true of use of county property is also true of sales of county property.

Utah has quite similar statutes. § 17–4–3, UTAH CODE 1953 is limited by § 17–5–48, UTAH CODE 1953 by the construction in Adney v. State Road Commission of Utah, 67 Utah 567, 248 P. 811 at 814 (1926). The general grant of the power to sell must be exercised by auction.

■ Were we to hold that a power which could be implied from A.R.S. § 11–201 could be exercised by the Board of Supervisors without regard to other statutes on the same subject, the result would be to reduce most of Chapter 2 of Title 11 to mere tautology. We hold that A.R.S. § 11–251(9) is mandatory. There are no alternative methods of sale.

Having decided this, we must now determine if the contract in the call for bids is invalid because of the repurchase section. Included in the call for bids are "Special Conditions." These conditions detail the duties of the successful bidder and the county for the repair, maintenance, and repurchase of the motor graders.

■ The provisions of the "Special Conditions" conflict in several places with the duty of the county to sell according to A.R.S. § 11–251(9). Under Section 3 of those conditions, the county may require the successful bidder to repurchase at the guaranteed price either at the end of the guarantee period or earlier, according to a formula set out. The bidder on his own may request repurchase. If the county elects to keep the equipment, then the bidder is released from his maintenance guaranty. The repurchase price based on these terms is an integral part of the formula determining the lowest bid. When an invalid portion of a contract is so entwined with the other provisions that they may not be separated without distorting the whole contract, then the whole contract must fall. Sylvan Sanders Co. v. Scurry County, Tex.Civ.App., 77 S.W.2d 709 (1934).

■ The liability for cost of repairs above the maximum guaranteed amount is part of several of the clauses on repurchase. It would be impossible to eliminate the repurchase agreement without changing the rights of the parties for cost of repair. The call for bids is void.

Reversed.

CAMERON, C. J., and STEVENS, J., concur.