**Leo J. BROWN, Plaintiff-Appellant,**

v.

**MARSHALL COUNTY, KENTUCKY,**

Marshall County Fiscal Court,

and

Pal Howard, County Judge,

and

Roy Lovett, John Dyke, Burnis Dowell, Aaron Ivey and Cratus York, Justices of the Peace, Comprising the Fiscal Court of Marshall County, Kentucky, Defendants-Appellees.

**No. 17725.**

United States Court of Appeals Sixth Circuit.

May 2, 1968.

Joseph S. Freeland, Paducah, Ky., for appellant.

Marvin C. Prince, Marshall County Atty., Benton, Ky., for appellees.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

PHILLIPS, Circuit Judge.

This action, based on diversity of citizenship, was filed by Brown, a citizen of Illinois, against Marshall County, Kentucky, the county fiscal court and the

Justices of the Peace comprising the fiscal court. The District Court sustained a motion to dismiss on the ground of governmental immunity. Brown appeals.

Brown has leased for a term of years certain property on Kentucky Lake in Marshall County, Kentucky. He used the property as a private club, for entertaining persons in or associated with the medical and nursing professions, and for other recreational purposes. In May 1962 the Tennessee Valley Authority entered a license agreement with Marshall County whereby the county is obligated to operate the property adjoining Brown for recreational purposes for all members of the general public.[1]

Brown brought this action for $15,000 damages and injunctive relief, averring that Marshall County has permitted the premises to be operated as a nuisance. Among the acts upon which Brown relies to establish nuisance are the following: drinking parties, screaming, bottle smashing, refusal to collect refuse, failure to provide restroom facilities resulting in specified foul and unsanitary conditions, the firing of rifles over plaintiff's property, nude swimming and other offensive acts and conduct. The complaint avers that the acts and omissions of defendants have diminished the value of Brown's leasehold interest and the value of the use thereof in the sum of $15,000 to date.

The District Court sustained the county's motion to dismiss on the ground that "[g]overnmental immunity applies to Kentucky counties." The crux of appellant's argument is that his suit is for nuisance and that under controlling Kentucky law governmental immunity is not a defense to an action for nuisance. Marshall County's primary argument is that the Eleventh Amendment of the Constitution of the United States forbids a citizen of one state from bringing suit in a federal district court against a county located in another State and that a county is not a citizen of a State for purposes of diversity jurisdiction.

In Haney v. City of Lexington, 386 S.W.2d 738, 10 A.L.R.3d 1362 (Ky.), the Court of Appeals of Kentucky held that municipal corporations are no longer immune from liability for ordinary torts. Limitations upon the liability of Kentucky municipalities are defined in the recent decision in City of Louisville v. Louisville Seed Co., 36 U.S.L.Week 2572 (Ky.). Two cases subsequent to Haney hold that the doctrine of governmental immunity is still available to Kentucky counties. Cullinan v. Jefferson County, 418 S.W.2d 407 (Ky.); Moores v. Fayette County, 418 S.W.2d 412 (Ky.). This rule has been qualified by Kentucky courts, however, in an apparent attempt to ameliorate its harshness. While the rule of sovereign immunity has been enforced, the Court of Appeals, "at times, has seemed to accept any excuse, however sophisticated, in order to grant relief to a person who has been harmed." V. T. C. Lines, Inc. v. City of Harlan, 313 S.W. 2d 573, 577 (Ky.).

One exception to the doctrine of governmental immunity recognized by Kentucky case law is the maintenance of a nuisance by a county or city. Jefferson County v. Bischoff, 238 Ky. 176, 37 S.W. 2d 24; Webster County v. Lutz, 234 Ky. 618, 28 S.W.2d 966; City of Louisville

---

1. The license agreement further provides: "The Licensee shall not permit or suffer any offensive use of the premises, shall not permit or suffer the commission of waste upon the premises and shall refrain from acts which have a tendency to cause undue soil erosion thereon. The Licensee shall do all in its power to prevent and suppress forest fires, grass fires, and other destructive fires upon or in the vicinity of the premises. The Licensee shall keep the premises in good order and in a condition satisfactory to TVA in regard to cleanliness and sanitation. Licensee agrees that no refuse, sewage, or other material which might tend to pollute or render unsanitary the waters of Kentucky Lake shall be dumped or drained into the waters of said lake, or of any stream flowing through the licensed premises."

v. Hehemann, 161 Ky. 523, 171 S.W. 165, L.R.A.1915C, 747. Some of the decisions are based upon the theory that a nuisance may be such an invasion of the rights of an adjacent landowner as to amount to an injuring and taking of property under Section 242 of the Constitution of Kentucky.

One commentator has observed that in the absence of a direct invasion of plaintiff's property, the element of "substantial interference" with the use of the property must be established. Oberst & Lewis, Claims Against the State of Kentucky, 42 Ky.L.J. 163 at 171–172. Proof of "substantial interference" is consistent with the Kentucky case authority on the availability of the defense of governmental immunity and is in accord with the traditional concepts of nuisance. e. g. Webster County v. Lutz, supra, 234 Ky. 618, 625, 28 S.W.2d 966; City of Paducah v. Allen, 111 Ky. 361, 63 S.W. 981.

■ Under the facts alleged in the complaint, which we must assume to be true for purposes of this appeal, we hold that the doctrine of governmental immunity is not available to Marshall County and that the District Court erred in dismissing the complaint on this ground.

■■ The county contends that the Eleventh Amendment forbids a suit against a county by a citizen of another state. A county is not immune from suit under the Eleventh Amendment. Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766. Under Kentucky law a "county is a quasi municipal corporation and, as such, is a suable entity." Howell v. Haney, 330 S.W.2d 941, 943 (Ky.).

■ Also without merit is the county's contention that it is not a "citizen" of Kentucky for purposes of diversity of citizenship under 28 U.S.C. § 1332. In Cowles v. Mercer County, 74 U.S. (7 Wall.) 118, 19 L.Ed. 86, the Supreme Court held that for purposes of diversity jurisdiction a county is a citizen of the State in which it is located.

Other issues are raised that have not yet been passed upon by the District Court and are not appropriate for decision here.

Reversed and remanded.