**UNIVERSAL SURETY COMPANY,**
a Nebraska corporation,
Plaintiff,

v.

**LESCHER AND MAHONEY, ARCHITECTS AND ENGINEERS, an Arizona corporation, et al., Defendants.**

No. Civ. 69–501 PHX.

United States District Court,
D. Arizona.

Feb. 10, 1972.

Gerald K. Smith, Lewis & Roca, Phoenix, Ariz., for plaintiff.

Moise Berger, Maricopa County Atty., Richard A. Segal, Gust, Rosenfeld & Divelbess, Phoenix, Ariz., for defendant Lescher and Mahoney.

William F. Haug, Jennings, Strouss & Salmon, Phoenix, Ariz., for Defendant Air-Tec fna Stiles, Allen & Reimer.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for Del E. Webb Corp.

OPINION and ORDER

MUECKE, District Judge.

Defendant Del E. Webb Corporation has moved to dismiss on the basis that defendant, "Maricopa County, Arizona, a body politic," as an arm of the State is entitled to a state's Eleventh Amendment protection and is, therefore, not a citizen for diversity, thereby leaving this Court without jurisdiction.

Defendant Del E. Webb Corporation relies in part on brief statements in two Ninth Circuit cases, one finding that a Los Angeles school district is a part of the state government and, therefore, not a citizen for diversity, Lowe v. Manhattan Beach City School District, 222 F.2d 258 (1955), and the other based on

*Lowe,* finding that the County of Los Angeles is likewise not a citizen. Miller v. County of Los Angeles, 341 F.2d 964 (1965). Both cases found jurisdiction on other bases.

Defendant Del E. Webb Corporation does not and cannot seriously urge that these cases stand for the proposition that *all* counties are not citizens, since in the more recent case of DeLong Corporation v. Oregon State Highway Commission, 343 F.2d 911, 912 (1965), the Ninth Circuit adopts specific tests to determine whether or not a political body is a citizen. After adopting the detailed analysis of Judge Kilkenny's opinion below [DeLong Corporation v. Oregon State Highway Commission, 233 F.Supp. 7 (D. C.1964)], the Circuit Court concluded that the Commission was not a citizen because it failed to meet the following tests:

". . . the State of Oregon is the real party in interest in this litigation because (a) the commission is not an entity separate and apart from the state, but is an arm of the state performing an essential governmental function and (b) the *legislation authorizing the construction of the bridge in question was not intended to create an autonomous, separate entity or cor-*

*poration* in the nature of an interstate bridge authority;" (Emphasis supplied).

The clear implication of *DeLong* is to test whether a political body is only "an arm of the state" by determining whether the state legislature intended either of the tests of an "autonomous, separate entity" or an "autonomous, separate . . . corporation."

The defendant in the instant case in arguing that an Arizona county is not a separate entity because it is an arm of the state government, relies on some general descriptive statements in Arizona case law to the effect that a county is created by the state for the purpose of government, and a county has only such powers that the state legislature gives it.[1] Defendant concludes from these general descriptions that an Arizona county is not a separate entity but is in fact the "state" for Eleventh Amendment protection.

The defendant's analysis completely fails to deal with Arizona legislative intention as revealed by its constitution and statutory provisions which provide that an Arizona county has a separate corporate identity with detailed powers, including the power to sue and to be sued in its own corporate name.[2]

---

1. See: Hunt v. Mohave County, 18 Ariz. 480, 162 P. 600 (1917)
   Hartford Accident, etc., Co. v. Wainscott, 41 Ariz. 439, 19 P.2d 328 (1933)
   County of Maricopa v. Anderson, 81 Ariz. 339, 306 P.2d 268 (1957)
   Neil B. McGinnis Equipment Co. v. Riggs, 4 Ariz.App. 556, 422 P.2d 187 (1967)

2. See: Arizona Constitution, Art. 12, Section 1, A.R.S.
   *"Counties as bodies politic and corporate,* Section 1. Each county of the State, now or hereafter organized, shall be a body politic and corporate."
   Arizona Rule of Civil Procedure, 17(d), 16 A.R.S. *"Actions by or against county, city or town.* Actions brought by or against a county or incorporated city or town shall be in its corporate name."
   A.R.S. § 11–201. *"Powers of county.*
   The powers of a county shall be exercised only by the board of supervisors or by agents and officers acting under

its authority and authority of law. It has the power to:
   1. Sue and be sued.
   2. Purchase and hold lands within its limits.
   3. Make such *contracts* and purchase and hold such personal property as may be necessary to *the exercise of its powers.*
   4. Make such orders for the disposition or use of its property as the interests of the inhabitants of the county require.
   5. Levy and collect taxes for purposes under its exclusive jurisdiction as are authorized by law."
   A.R.S. § 11–202. *"County as corporate body; name*
   A. Each county is a *body politic and corporate,* possessing all the powers expressly provided in the Constitution or laws of this state and such powers as are necessarily implied therefrom.
   B. The name of the county desig-

Most significantly, some of the kinds of specific powers given to an Arizona county are precisely those concerned in this lawsuit. This suit grows out of a contract to build a county hospital. A.R.S. § 11–201 provides that a county may "sue and be sued" and "make such contracts . . . as may be necessary to the exercise of its powers;" A.R.S. § 11–251, subsec. 8 specifically provides that an Arizona county acting through its supervisors may "Cause to be erected and furnished . . . hospital . . .".

Thus, an Arizona county corporation, like any other public or private corporation, is limited to those powers specifically granted it by the state. However, the powers which the State of Arizona has in fact granted its counties clearly envision an autonomous, separate entity, both in a general sense and specifically in relation to those matters which are concerned in this action.

Compare the nature of the Commission in *DeLong*, as detailed by Judge Kilkenny, with that of an Arizona county. The very names of the parties to the contracts involved give indication as to whether a state or a separate entity is sued. The contract in *DeLong* was between "plaintiff and the *State of Oregon, acting by and through its State Highway Commission* . . ." at P. 9 of 233 F.Supp. (Emphasis Supplied). The contract in this case is "By and Between Maricopa County, Arizona, a Body Politic, Acting by and through its Board of Supervisors, hereinafter called the Owner . . ." (See Complaint, Ex. 1). The single fact which Judge Kilkenny found most determinative in negating a separate entity was that the Commission could only prosecute suits in condemnation, "In the name of the state, by and through the commission." He stated this as follows:

"Likewise, of immense significance is the fact that the Oregon legislature re-

quired that all contracts executed by the Commission be made *in the name of the State, by and through the Commission.*" (Emphasis in the Original, P. 12 of 233 F.Supp.)

To appreciate the decided difference, one need only to compare the power of an Arizona county to act in its own corporate name for many purposes, including suit, contracts, and taxes; A.R.S. §§ 11–201 and 11–202; to build county buildings, A.R.S. § 11–271; to issue bonds, A.R.S. § 11–272; and through its board of supervisors, to exercise ". . . the sole and exclusive authority to provide for the hospitalization and medical care of the indigent sick in the county . . ." A.R.S. § 11–291, as well as all of the broad powers delineated in A.R.S. § 11–251. The county's powers in Arizona even extend to the power to create other municipal corporations, thus the county board of supervisors may declare an ". . . improvement district organized under a corporate name . . ." and "Thereafter the district shall be a body corporate with the powers of a municipal corporation", A.R.S. § 11–706. Such a corporation created by a county has the power of condemnation. A.R.S. § 11–709, subsec. B, par. 1.

Reading through Title 11 of A.R.S. dealing with counties generally, we find that the counties' powers, unlike many of the powers described in *DeLong*, are generally not subject to the approval of any state officer, they are not advisory in nature, or subject to detailed supervision. For the most part, the powers granted to an Arizona county may be finally executed by the county in a fashion entirely and exclusively distinct and separate from the state.

Thus, an Arizona county meets both the Ninth Circuit's alternative tests in *DeLong*. Clearly, the Arizona Legislature intended that a county be an autonomous "separate entity" and an auton-

nated in article 1, chapter 1 of this *title is its corporate name by which it shall be known and designated in all actions and proceedings.* (Emphasis supplied).

See further: A.R.S. § 11–251 et seq. for more detailed description of powers of an Arizona County acting either in its own name or through its board of supervisors.

omous "corporation." It is an arm of the state only "in that remote sense" described in *Lincoln County v. Luning*, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766 (1890), wherein the United States Supreme Court found that a Nevada county was a citizen for diversity purposes holding:

"... while the county is territorially a part of the state, yet politically it is also a *corporation* created by and with such powers as are given to it by the state. In this respect, it is a part of the state only *in that remote sense* in which any city, town, or other municipal corporation may be said to be a part of the state." At P. 363 of 10 S.Ct. (Emphasis supplied).

As early as 1868, the United States Supreme Court in *Cowles v. Mercer County*, 7 Wall. 118, 74 U.S. 118, 122, 19 L.Ed. 86 laid down the governing proposition of law in this case in finding that for the purpose of diversity jurisdiction:

"It is enough for this case that we find the board of supervisors to be a *corporation* authorized to contract for the county." (Emphasis supplied).

■ The combined decisions of *Cowles* and *Lincoln* tell us that a county corporation which is liable to suit in its corporate name under state law may be sued as a "citizen" in a diversity action on a contract executed by said county in its own name. The Ninth Circuit holding in *DeLong* clearly supports this view, and it is supported by a large body of case law.[3]

Further, there is no policy reason or comity consideration in broadening the reading of the term "state" in the Eleventh Amendment in relation to an Arizona county since such a reading would only close a federal forum to a suit which is not barred in the state's own courts in order to provide protection for a form of sovereign immunity which the state by its constitution, statutes, and rules has specifically relinquished.

Since the State of Arizona has limited its immunity by means of setting up autonomous county corporations amenable to suit, and further, Arizona has generally been a leader in the modern trend to limit its immunity, having abolished sovereign immunity in tort actions,[4] it would be most inappropriate for a federal forum to reverse the trend, albeit indirectly, by enlarging the state's immunity to extend it to a suit against a corporate political body.

The motion to dismiss is therefore denied.

3. For example, see:
   In Wenzel & Henoch Const. Co. v. Metropolitan Water District, 18 F. Supp. 616 (D.C.1937), Judge Yankwich held that a California water district was a corporation sued on its contract, and was therefore a "citizen" for diversity.
   Maryland Casualty Co. v. State Highway Commission of Mo., 256 F.Supp. 666 (W.D.Mo.1966) relying on Louisiana Highway Commission v. Farnsworth (5th Cir. 1937) 74 F.2d 910, cert. den. 294 U.S. 729, 55 S.Ct. 638, 79 L.Ed. 1259 (1935) held that a commission which is a corporate body with power to sue is a citizen.

   Both *Cowles* and *Lincoln* are relied on to permit suit in diversity in Pettibone v. Cook County, Minn., 120 F.2d 850 (8th Cir. 1941), where defendant is a county.
   *Lincoln* is relied on to find a county is a citizen where a "county is a quasi municipal corporation and, as such, is a suable entity" in Brown v. Marshall County, Kentucky, 394 F.2d 498, 500 (6th Cir. 1968).

4. See Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107 (1963).