612 F.2d 883
 Robert E. LEDFORD, Appellant,
v.
Sarah A. DELANCEY, Supervisor of the Home-Centered Service
Unit, Department of Social Services of Forsyth County,
Individually and in her official capacity; Donald Roberson,
Supervisor of Adult Services, Social Services Department of
Forsyth County, Individually and in his official capacity;
Julia Davis, Director of the Social Work Services of the
Social Services Department of Forsyth County, Individually
and in her official capacity; Gerald M. Thornton, Director
of the Social Services Department of Forsyth County,
Individually and in his official capacity; Melvin Henderson,
Personnel Director of Forsyth County, Individually and in
his official capacity; Manford R. Haxton, Chairman of the
Social Services Board of Forsyth County, Individually and in
his official capacity; Eugene Price, County Attorney,
Individually and in his official capacity; Nicholas Meiszer,
County Manager of Forsyth County, Individually and in his
official capacity; and County of Forsyth, a public body
corporate, Appellees.
 No. 77-2457.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 5, 1979.
Decided Jan. 9, 1980.
 
 Jim D. Cooley, Winston-Salem (William G. Pfefferkorn, Winston-Salem, on brief), for appellant.
 Roddey M. Ligon, Jr., Winston-Salem (W. Andrew Copenhaver and Francis C. Clark, Winston-Salem, on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and WINTER, Circuit Judge.
 HAYNSWORTH, Chief Judge:
 
 
 1
 Ledford was fired from his position as a Social Work Trainee in the Forsyth County Department of Social Services. He alleges that this action was in retaliation for his exercise of First Amendment rights, and that his termination without a hearing was a violation of due process. He also contends that false information contained in his personnel file has impaired his ability to procure other employment. Suit was brought under 42 U.S.C.A. § 1983. The district court granted summary judgment for defendants. We affirm in part, vacate in part, and remand for further proceedings.
 
 I.
 
 2
 Ledford began work in January 1974 as a probationary employee. His employment status remained unchanged through the date of his termination in February 1975.
 
 
 3
 During the year of his employment, Ledford became concerned with the substandard housing in which many of his clients lived. This concern was manifested through Ledford's advice to these clients, suggesting that they retain the services of a local legal aid society, as well as through his involvement in a number of public pronouncements on this subject. Shortly thereafter, Ledford's supervisor demanded Ledford's resignation, citing inadequate job performance. Ledford refused, and, after formal charges were filed, he was discharged. Ledford alleges that his job performance was adequate and that he was discharged because of his speech activities.
 
 
 4
 After this suit was filed, but prior to the resolution below, the defendants learned that Ledford lacked a college degree a prerequisite for employment as a Social Work Trainee. Ledford's final application for the job intimated that he did have a degree; however, this may have been due to erroneous advice given to him while completing the application. The district court assumed that Ledford did not intend to mislead his prospective employers. However, the court did find that it was uncontroverted that Ledford's lack of a college degree made him legally ineligible for employment as a Social Work Trainee from the date of his hire through the date of his termination.
 
 
 5
 The district court found that since Ledford was not entitled to his job at all, he had no standing to complain that his discharge was violative of the First Amendment or that he had been deprived of a property interest without due process. The court also found that Ledford's allegations with respect to false information in his personnel file lacked a constitutional foundation. We vacate this latter aspect of the court's judgment, but affirm as to the First Amendment claim and the due process hearing claim.
 
 II.
 
 6
 With respect to the First Amendment claim, Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) provides a useful reference point. In Mt. Healthy a nontenured teacher was denied contract renewal for two stated reasons, one of which involved the exercise of First Amendment rights. The teacher brought suit in a federal court. The Supreme Court held that even though the exercise of a constitutional right may have played a part in the refusal to renew, there may not have been a constitutional violation justifying remedial action.
 
 
 7
 A rule of causation which focuses solely on whether protected conduct played a part, "substantial" or otherwise, in a decision not to rehire, could place an employee in a better position as a result of the exercise of constitutionally protected conduct than he would have occupied had he done nothing. The difficulty with the rule enunciated by the District Court is that it would require reinstatement in cases where a dramatic and perhaps abrasive incident is inevitably on the minds of those responsible for the decision to rehire, and does indeed play a part in that decision even if the same decision would have been reached had the incident not occurred. The constitutional principle at stake is sufficiently vindicated if such an employee is placed in no worse a position than if he had not engaged in the conduct. A borderline or marginal candidate should not have the employment question resolved against him because of constitutionally protected conduct. But that same candidate ought not to be able, by engaging in such conduct, to prevent his employer from assessing his performance record and reaching a decision not to rehire on the basis of that record, simply because the protected conduct makes the employer more certain of the correctness of the decision.
 
 
 8
 429 U.S. at 285-86, 97 S.Ct. at 575.
 
 
 9
 The Court remanded the case with instructions that the district court determine whether the board could show "by a preponderance of the evidence that it would have reached the same decision as to respondent's reemployment even in the absence of the protected conduct." 429 U.S. at 287, 97 S.Ct. at 576.
 
 
 10
 Normally, in an employment discharge case, a defendant will not be allowed to rely upon reasons not available or not relied upon at the time of the adverse decision. Johnson v. Branch, 364 F.2d 177, 181 (4th Cir. 1966) (En banc ); But see Acanfora v. Board of Education of Montgomery County, 491 F.2d 498, 502 (4th Cir. 1974). Plaintiff seeks to distinguish Mt. Healthy on that basis. However, when, as here, the plaintiff seeking reinstatement has no legitimate right to the job whatsoever, the usual practice need not be followed. Here, the newly discovered reason for termination is not merely another asserted basis for suggesting that plaintiff had failed to perform his duties. It strikes at the core of any asserted right to have the job at all. It conclusively demonstrates that he is legally precluded from having this job and that, under Mt. Healthy, plaintiff could, and would, have been terminated even in the absence of any protected conduct.
 
 
 11
 We do not hold that in the usual case an employer may at trial present reasons for a contested action which were not the actual factors upon which he relied. We simply hold that where, under objective criteria, it is conclusively demonstrated that a person lacks a legal qualification for a job, he will not be heard to complain that his termination was related to protected activities.
 
 
 12
 If such were not the case, it would be difficult to conceive of plaintiff's remedy. Since he is not legally qualified to hold the job, he may not be reinstated. Similarly, he cannot have incurred any damages from deprivation of a job to which he was not entitled. His only relief would be declaratory, and, under such facts, our opinion would be merely advisory. That is beyond a proper exercise of our power.
 
 III.
 
 13
 Similarly, plaintiff had no right to a due process hearing prior to termination. The appropriate test is set forth in Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972):
 
 
 14
 Certain attributes of "property" interests protected by procedural due process emerge from these decisions. To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.
 
 
 15
 Ledford has no legitimate claim of entitlement to the job of Social Work Trainee. Therefore, he has no right to a due process hearing.
 
 IV.
 
 16
 We do think, however, that plaintiff does have a protected right with respect to the contents of his personnel file when that file may be the subject of inspection by prospective employers. Here, one may fairly infer that plaintiff has alleged that certain false information has been circulated and will continue to be circulated to prospective employers. Permitting a cause of action on these facts meets the criteria of Codd v. Velger, 429 U.S. 624, 627, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977) (substantial falsity) and Bishop v. Wood, 426 U.S. 341, 347-49, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) (publication) and is consistent with the approach adopted or advocated in several circuits.[1] Plaintiff has a right that his personnel file contain no substantially false information with respect to his work performance or the reasons for his discharge when that information is available to prospective employers.
 
 V.
 
 17
 As an alternative basis for its holding the district court dismissed the counts against several defendants. The court dismissed Forsyth County holding that it was not a "person" for purposes of suit under § 1983. The court also dismissed three individual defendants, Haxton, Henderson and Price, finding that none of them were personally involved in Ledford's discharge.
 
 
 18
 In Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court revoked blanket immunity for counties under § 1983. Monell requires reconsideration by the district court of the dismissal of Forsyth County. Of course, the only remaining claim is with respect to impermissible information in Ledford's personnel file. In order to avoid dismissal of the county on remand Ledford must show that any deprivation of the right involved was caused, at least in part, by a county regulation, ordinance or policy.
 
 
 19
 Similarly, we reverse the dismissal of Haxton, Henderson and Price. While none of these persons may be liable unless directly involved in a deprivation of constitutional rights, based on this relatively undeveloped record it is not clear that they have not been involved in communication with prospective employers of Ledford. Since the district court relegated the personnel file claim to a footnote, it is possible that these persons would not have been dismissed had this claim been treated more thoroughly.
 
 VI.
 
 20
 The case is remanded solely on the claim that Ledford's constitutional rights have been denied by the dissemination of false or constitutionally impermissible information to prospective employers. The dismissal of the above named defendants is vacated. All other aspects of the district court's judgment are affirmed.
 
 
 21
 AFFIRMED IN PART; VACATED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 [1]
 E. g., Ventetuolo v. Burke, 596 F.2d 476, 482-85 (1st Cir. 1979); Walker v. Alexander, 569 F.2d 291, 294-95 (5th Cir. 1978); Clark v. Mann, 562 F.2d 1104, 1116 (8th Cir. 1977); Mazaleski v. Treusdell, 183 U.S.App.D.C. 182, 190-196, 562 F.2d 701, 709-15 (D.C.Cir. 1977); Sullivan v. Brown, 544 F.2d 279, 283-84 (6th Cir. 1976); Velger v. Cawley, 525 F.2d 334, 336-37 (2d Cir. 1975), Rev'd on other grounds sub nom. Codd v. Velger, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977); See also Dennis v. S & S Consolidated Rural High School Dist., 577 F.2d 338, 343 (5th Cir. 1978)