Joey **ALLSUP** et al., Plaintiffs,

v.

David L. **KNOX** et al., Defendants.

Civ. A. No. 79–129.

United States District Court,
E. D. Kentucky.

Nov. 18, 1980.

Robert J. Brown and Jerry H. Smith, Central Ky. Legal Services, Inc., R. Burl McCoy, Lexington, Ky., Robin Russel Vandercoy and Geraldine Frank, National Juvenile Law Center Youth Legal Assistance Project, St. Louis, Mo., for plaintiffs.

Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, Ky., O'Shaughnessy & Davis, Versailles, Ky., Charles M. Perkins, Asst. Scott County Atty., David H. Ashley, Georgetown, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

SCOTT REED, District Judge.

Joey Allsup, by his parents and next friends, filed this suit against David L. Knox, et al., alleging several violations of

his civil rights concerning his arrest and detention in the Scott County Jail. Plaintiff asks for declaratory, injunctive, and monetary relief. Joey Allsup also asks that this action be maintained as a class action. There are eight pending motions. They are: 1) the motion to dismiss of Judge Knox and Judge Bradley; 2) the separate motion to dismiss of Judge Knox; 3) plaintiff's motion for class certification; 4) the motion for a protective order of Judge Knox and Judge Bradley; 5) the motion to dismiss of the City of Georgetown, Eddie Chesser, and Darrell Blevins; 6) the motion of Judge Knox and Judge Bradley for payment of fees and expenses for failure to attend the taking of deposition; 7) the motion of Lee E. Sitlinger to be added as counsel of record for the City of Georgetown; and 8) the motion to dismiss of Scott County and Joe Shropshire.

The plaintiff appears to rely, in essence, on six claims. They are: 1) improper intake procedures in violation of the Fourteenth Amendment; 2) improper conditions of confinement of juvenile pretrial detainers in violation of the Eighth and Fourteenth Amendments; 3) improper conditions of confinement of post-adjudication juveniles in violation of Section 17 of the Kentucky Constitution and the Eighth and Fourteenth Amendments of the United States Constitution; 4) excessive bail in violation of the Eighth Amendment; 5) improper denial of counsel in violation of the Sixth Amendment; and 6) false arrest in violation of Kentucky law.

Several of the defenses raised to plaintiff's claims apply only to some of the defendants. Among these are the claim of judicial immunity of Judges Knox and Bradley, the claim of the Scott County Fiscal Court that the Tenth Amendment bars declaratory relief against it, the claim of Scott County that the Eleventh Amendment bars suit against it, the claims of Scott County and the City of Georgetown that they are not persons within the meaning of 42 U.S.C. Section 1983, and the claims of good faith of Scott County, Joe Shropshire, Eddie Chesser, and Darrell Blevins.

There are also two defenses raised by some of the defendants, which, if correct, would lead to a dismissal of plaintiff's case as to all of the defendants. These are the assertion of Judges Knox and Bradley that there is no case or controversy and the assertion of waiver or estoppel by Scott County, Joe Shropshire, the City of Georgetown, Eddie Chesser, and Darrell Blevins.

■ The Court initially will consider the various motions to dismiss plaintiff's complaint. Fed.R.Civ.P. 12(b)(6). The plaintiff is entitled to have the complaint construed liberally in his favor, and to have the facts alleged in the complaint taken as true. *Elliot v. Caribbean Utilities*, 513 F.2d 1176 (6th Cir. 1975); see also *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ The Court will consider first the motion to dismiss of Judge Knox and Judge Bradley on the grounds of judicial immunity. The standard for judicial immunity is that,

A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'

*Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Judicial immunity applies with full force in cases under 42 U.S.C. Section 1983. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The crucial phrase is "clear absence of all jurisdiction." The Supreme Court has tried to illustrate the difference between acts done in error or in excess of jurisdiction, which are covered by judicial immunity, and acts done clearly without jurisdiction, to which no immunity attaches.

[I]f a probate court, invested only with authority over wills and the settlement of estates of deceased persons, should proceed to try parties for public offenses, jurisdiction over the subject of offenses being entirely wanting in the court, and this being necessarily known to its judge, his commission would afford no protec-

tion to him in the exercise of the usurped authority. But if, on the other hand, a judge of a criminal court, invested with general criminal jurisdiction over offenses committed within a certain district, should hold a particular act to be a public offense, which is not by the law made an offense and proceed to the arrest and trial of a party charged with such act, or should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction no liability to civil action for such acts would attach to the judge, although those acts would be in excess of his jurisdiction, or of the jurisdiction of the court held by him, for these are particulars for his judicial consideration, whenever his general jurisdiction over the subject matter is invoked.

*Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 352, 20 L.Ed. 646 (1872).

■ The plaintiff here charges Judge Knox with setting bail, adjudicating the charge, and imposing the fine against him. It is alleged that Judge Knox was without jurisdiction to do so because the plaintiff was 15 years old at the time and thus properly under the exclusive jurisdiction of the juvenile session of the District Court. Ky.Rev.Stat. Section 208.020(1)(a). Assuming that Judge Knox did not in fact have jurisdiction over the plaintiff, he still is immune from a suit for damages. Judge Knox is a District Judge of the Fourteenth Judicial District, with jurisdiction, *inter alia*, over traffic matters. Ky.Rev.Stat. Sections 24A.030, 24A.110. Joey Allsup was charged with a traffic offense. Most persons driving in Kentucky would be at least 16 years old and thus subject to the jurisdiction of the juvenile session of the District Court. Ky.Rev.Stat. Section 208.020(1)(a). Although Judge Knox may have erroneously taken jurisdiction over the plaintiff's traffic offense, he was not so clearly without jurisdiction as to deprive him of immunity. The Court, however, notes that this immunity only protects judicial officers from damage suits for acts done in their judicial capacity. *Santiago v. City of Philadelphia*, 435 F.Supp. 136 (E.D.Pa.1977).

■ In addition to his request for a damages award against Judge Knox, the plaintiff seeks declaratory and injunctive relief against both Judge Knox and Judge Bradley. This relief is sought as a result of the supervisory responsibilities of Judge Knox and Judge Bradley for the detention of juveniles. Memorandum of Joey Allsup in Opposition to Defendants' Motion to Dismiss. Judicial immunity does not extend to injunctive relief. *Jacobson v. Schaefer*, 441 F.2d 127 (7th Cir. 1971). Judges also are not immune for their ministerial or administrative activities. *Lynch v. Johnson*, 420 F.2d 818 (6th Cir. 1970); *Doe v. County of Lake, Indiana*, 399 F.Supp. 553 (N.D.Ind. 1975). The declaratory and injunctive relief sought by plaintiff thus is not barred by judicial immunity. This relief is barred, however, by the change in Kentucky law which divested District Judges of supervisory authority over juvenile detention facilities, effective January 2, 1978. Ky.Rev. Stat. Section 208.130(5).

■ Scott County claims that the Tenth Amendment bars declaratory relief against it. The Tenth Amendment does not make any substantive alteration to the Constitution. It is merely a declaration that power not granted to the federal government is reserved to the states and the people. See *U. S. v. Darby*, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609 (1941); *U. S. v. Sprague*, 282 U.S. 716, 51 S.Ct. 220, 75 L.Ed. 640 (1931). This action is pursued by the plaintiff for violations of his civil rights under, *inter alia*, the Fourteenth Amendment. Suits for the vindication of rights granted, directly or indirectly, by the Fourteenth Amendment are not barred by the Tenth Amendment. See *Milliken v. Bradley*, 433 U.S. 267, 97 S.Ct. 2749, 53 L.Ed.2d 745 (1977); *Wallace v. McDonald*, 369 F.Supp. 180 (E.D.N.Y.1973).

Scott County also asserts that relief against it is barred by the Eleventh Amendment. The Eleventh Amendment states that:

The Judicial power of the United States shall not be construed to extend to any

suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. Scott County has raised the question of whether or not Joey Allsup was a citizen of Kentucky. The question is irrelevant because Eleventh Amendment immunity has been extended to cases where a suit is brought against a state by one of its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

The Amendment extends immunity to states, their officers, agencies, or instrumentalities, when the state is the real party in interest. See 13 C. Wright, A. Miller & E. Cooper Section 3524 at 86–87. The immunity, however, does not extend to counties. *Mt. Healthy City Board of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Brown v. Marshall County, Kentucky*, 394 F.2d 498 (6th Cir. 1968).

The City of Georgetown and Scott County claim that they are not persons under 42 U.S.C. Section 1983. These contentions are without merit. At one time municipal corporations were thought to be immune from suit under 42 U.S.C. Section 1983 because they were not persons for purposes of that statute. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). That portion of *Monroe* has been overruled. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Cities are persons under 42 U.S.C. Section 1983. *Monell, supra*.

Scott County argues that counties should be treated differently from cities. For this purpose, however, counties and cities should be treated alike. Both are sufficiently removed from the state to be considered persons under 42 U.S.C. Section 1983. See *Ledford v. Delancey*, 612 F.2d 883 (4th Cir. 1980); see also *Monell, supra*, 436 U.S. at 688 n.50, 98 S.Ct. at 2034 n.50.

Several defendants have suggested bases of dismissal which, if correct, would justify dismissal as to all defendants. Judges Bradley and Knox assert that the complaint does not allege a case or controversy as required by Article Three of the United States Constitution. *Memorandum of Judge Bradley and Judge Knox in Support of Motion to Dismiss for Failure to State a Claim*, p.5. The standard is that the plaintiff must allege some threatened or actual injury resulting from the purportedly illegal action, and must have a personal stake in the outcome before a federal court may assume jurisdiction. *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). The plaintiff has claimed that he was improperly tried under the procedures for traffic violations, rather than those for juvenile matters, that he was unlawfully confined, and that he is presently subject to arrest. In considering the motion to dismiss, these facts will be taken as true. See *Elliot v. Caribbean Utilities, supra*. There is a case or controversy here.

Scott County and Joe Shropshire, defendants, assert that Joey Allsup did not raise his claims of illegality before the Scott District Court. See *Amended Answer of Scott Fiscal Court and Scott County Jailer, Joe Shropshire*, p.1. The omission is claimed to be a waiver of any procedural defects concerning plaintiff's detention. A similar defense is made by the City of Georgetown, Eddie Chesser, and Darrell Blevins. *Amended Answer of the City of Georgetown, Eddie Chesser, and Darrell Blevins*, p.1. These general assertions, unexplained and unsupported, are without merit.

The plaintiff is not now collaterally attacking the fine imposed on him. Rather, he is alleging various violations of his civil rights in connection with his arrest and confinement. Neither the doctrine of res judicata nor that of collateral estoppel is applicable to the instant case. Res judicata forbids relitigation, between the same parties, of a cause of action. The causes of action in this case and in the traffic violation are different. Additionally, most, if not all, of the parties are not the same.

Collateral estoppel may bar the redetermination of an issue actually litigated

in one cause of action when the same issue arises in a different cause of action between the same parties. The doctrine is not applicable here because the question of the traffic court's jurisdiction, and alleged improprieties concerning his arrest and confinement were not actually litigated in the traffic court proceedings.

■ Finally, the defendants Scott County, Joe Shropshire, Eddie Chesser, and Darrell Blevins claim a defense of good faith. See *Amended Answers, supra*, p.3 and p.2, respectively. This defense is not absolute. See *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1973). This case is presently before the Court on the defendants' motions to dismiss.

> There [is] no evidence before the court [ ] from which ... a finding of good faith [can] be properly made .... Further proceedings, either by way of summary judgment or by trial on the merits, are required. The complaining [party is] entitled to be heard more fully than is possible on a motion to dismiss a complaint.

*Scheuer, supra*, at 250, 94 S.Ct. at 1693.

Plaintiffs have moved for class certification of this action. This aspect of the case shall be referred to the United States Magistrate for the Eastern District of Kentucky at Lexington for initial consideration, findings of fact, and report and recommendation. 28 U.S.C. Section 636(b)(1)(B).

Additionally, Judges Knox and Bradley have moved for a protective order as to plaintiff's interrogatories. This motion was sustained by the Magistrate until the motions to dismiss were ruled on. Since the claims against Judges Knox and Bradley have been dismissed, it is not necessary to consider again their motion for a protective order. The motion will be denied as moot.

Defendants Knox and Bradley also have moved for the payment of fees and expenses incurred when their counsel attended a deposition at which the plaintiff failed to attend or give notice of the cancellation of the hearing. Fed.R.Civ.P. 30(g)(1). The plaintiff shall have 20 days from the date of this order to file a response to the defendants' motion, if he chooses. If plaintiff responds, defendants Knox and Bradley shall have 10 days thereafter to reply, if they choose.

The motion of Lee E. Sitlinger to be added as counsel of record for the City of Georgetown shall be granted.

A Magistrate's Report and Recommendation was filed in this case. The plaintiff timely filed written objections to that recommendation. The Court has made a *de novo* determination on the recommendation of dismissal objected to by plaintiff. The Court has decided not to adopt this recommendation. 28 U.S.C. Section 636(b)(1).

IT IS THEREFORE ORDERED:

(1) That the motion of Judge Knox, defendant, to dismiss the claim against him of Joey Allsup, plaintiff, is hereby GRANTED;

(2) That the motion of Judge Bradley, defendant, to dismiss the claim against him of Joey Allsup, plaintiff, for declaratory and injunctive relief, is hereby GRANTED;

(3) That the motion of Scott County, defendant, to dismiss the claim against it of Joey Allsup, plaintiff, is hereby DENIED;

(4) That the motion of Joe Shropshire, defendant, to dismiss the claim against him of Joey Allsup, plaintiff, is hereby DENIED;

(5) That the motion of the City of Georgetown, defendant, to dismiss the claim against it of Joey Allsup, plaintiff, is hereby DENIED;

(6) That the motion of Eddie Chesser, defendant, to dismiss the claim against him of Joey Allsup, plaintiff, is hereby DENIED;

(7) That the motion of Darrell Blevins, defendant, to dismiss the claim against him of Joey Allsup, plaintiff, is hereby DENIED;

(8) That the motion of Joey Allsup, plaintiff, for class certification is hereby referred to the United States Magistrate for the Eastern District of Kentucky at Lexington for a report and recommendation;

(9) That the motion of Judge Knox and Judge Bradley for a protective order is hereby denied;

(10) That Joey Allsup, plaintiff, is hereby granted twenty days in which to respond, if he chooses, to the motion of Judge Knox and Judge Bradley for the payment of fees and expenses;

(11) That Judge Knox and Judge Bradley, defendants, are hereby granted ten days from the response, if any, of Joey Allsup, plaintiff, to their motion for fees and expenses to reply, if they so elect;

(12) That the motion of Lee E. Sitlinger to be added as counsel of record for the city of Georgetown is hereby GRANTED;

(13) That the Report and Recommendation of the United States Magistrate for the Eastern District of Kentucky, to the extent it is inconsistent with this opinion, will not be followed.