ANCIL DOUTHIT ET AL *v*. THOMAS L. ALLEN

5-4549                                         426 S. W. 2d 812

Opinion delivered April 22, 1968

*Joe C. Kemp,* City Attorney; *Perry V. Whitmore,* Asst. City Attorney, for appellants.

*Chowning, Mitchell, Hamilton & Burrow* and *Cockrill, Laser, McGehee, Sharp & Boswell,* for appellee.

PAUL WARD, Justice. This is an appeal from a decree, issued by the Chancery Court (3rd Div.) of Pulaski County, which enjoined and restrained the City of Little Rock from awarding a contract to purchase a "crawler tractor".

*Facts.* The City, acting through its manager, Ancil Douthit, and other officials (hereafter referred to as

appellants) published an "Invitation to Bid" in proceeding to purchase the tractor. All prospective bidders were furnished a description of the tractor and minute details of pertinent terms and conditions. When the bids were opened on June 22, 1967 the only response was that made by J. A. Riggs Tractor Company. Previously this litigation had been instituted.

Thomas L. Allen (appellee), a citizen and taxpayer of the City, filed a complaint against appellants, alleging that the Invitation to Bid (with specifications) is illegal and in excess of the authority delegated to said defendants for the following reasons:

 (a) The Invitation violates the City Code and certain statutes;

 (b) Appellee has no remedy at law.

The prayer was for an order permanently enjoining appellants from awarding a contract under the Invitation to Bid. Attached to the complaint, as Exhibit A, are the Invitation, the bond, and detailed specifications—constituting nineteen pages in the record.

After a temporary restraining order was issued, appellants answered, denying all material allegations in the complaint.

On July 17, 1967 the trial court, after hearing testimony, entered a decree, holding, in substance:

 (a) The Invitation to Bid together with Exhibit A is in violation of the City Ordinances and the State statutes relating to competitive bidding;

 (b) The threatened acts of the City in awarding a contract are illegal and in excess of its authority under said ordinances and statutes;

(c) The City is permanently enjoined from awarding a contract pursuant to the "Invitation to Bid set out in Exhibit A."

It is the contention of appellants, in seeking a reversal, that; (1) The bid procedures employed do not violate Amendment 10 of the State Constitution; (2) "The construction placed upon the contract offered for bids was erroneous."

For reasons presently mentioned we have concluded that the decree of the trial court must be affirmed. First, however, it is pointed out that appellee makes no contention here that the City has violated, or will violate, Amendment 10 to the State Constitution.

We find it necessary to consider only two phases of the proposed purchase contract. *One* relates to repairs on the tractor, and *Two* relates to a resale of the tractor to the successful bidder.

*One.* Under the City's proposal the successful bidder must guarantee that the maximum cost of repairs on the tractor for a period of five years would not exceed $20,000. Item 2 E. provides, in effect, that regardless of the amount involved on any repair job, the City and the bidder could agree on the costs. Obviously this procedure violates City Ordinance § 2-43 and § 2-44 which requires competitive bidding "Where the amount of expenditure for any purchase or contract authorized . . . exceeds the sum of one thousand dollars . . ."

*Two.* Item 3B. of the specifications provides, in effect, as follows: Any time within five years after delivery of the tractor or at the end of 15,000 operating hours the successful bidder is bound, at the option of the City, to repurchase the tractor for the sum fixed in the specifications. Thus, again, this places the City in a position to dispose of an expensive piece of property without the safeguard of competitive bidding, and is in

violation of Ordinances § 2-42 and § 2-44.

In addition to what ·we have said above, we think there is another aspect which also calls for an affirmance.

Robert J. Wilson, vice-president of a local machinery company, gave several reasons why his company could not submit a bid in this instance. His reasons are set forth in a letter to the City as follows:

(a)  There are six indefinite items which a bidder would have to consider in connection with cost of repairs. 1—price increase on repair parts over a period of five years; 2—cost of labor; 3—competency of City service personnel; 4—competency of operating personnel; 5—how tractor would be used, and; 6—major repairs.

(b)  Requirement of bidder to repurchase tractor —for a fixed amount after five years imposed questionable and indefinite factors; 1—mechanical condition of machine; 2—economic conditions; 3—local market conditions; 4—technical improvements in machinery, and; 5—his company's inventory of machinery.

We think the trial court could have properly found that these uncertainties, inherent in the specifications, would tend to stifle competitive bidding and would not, therefore, be in the public interest. In the early case of *Fones Hardware Co.* v. *Erb,* 54 Ark. 645, 17 S. W. 7 this Court said that "Any arrangement which excludes competition prevents a letting to the lowest bidder. . ." In 43 Am. Jur., Public Works and Contracts, § 23, *et seq.*, in a discussion of this same matter there appears this statement:

"Experience has shown, however, that the interests of the public are best conserved by offering con-

tracts for public work to the competition of all persons able and willing to perform it, and in most, if not all, jurisdictions there are mandatory and peremptory, constitutional and statutory provisions, as well as provisions of municipal charters and ordinances, which prescribe competitive bidding by all persons who wish to obtain such contracts, and the letting by public authorities of the contracts to the lowest bidders. . .''

It is our conclusion therefore that the decree of the trial court should be, and it is hereby, affirmed.

FOGLEMAN, J., not participating.