Dear Honorable Stuart,
The Attorney General has received your request for an official opinion asking, in effect:
 May a Board of County Commissioners advertise and accept bids for the purchase by sale of highway construction and maintenance machinery and equipment using a "total net cost" concept which requires the successful bidder to include as part of the bid a guarantee that the machinery or equipment will be serviced and maintained by the successful bidder at a certain preset dollar amount during a specified term stated in the bid documents, and which also requires the successful bidder to repurchase the equipment or machinery at a preset price at the end of a predetermined amount of time?
For the purposes of this opinion, a "sale" as used herein is deemed to be a transaction consisting of the passing of title from the successful bidder to the county for a price. See, 12A O.S. 2-106(1) (1981). It is assumed that the nature of the transaction contemplated in your request is, in fact and at law, a true sale of highway construction or maintenance equipment or machinery, and not the type of legal transaction that would qualify as a lease-purchase agreement. Such lease-purchase agreements by counties of highway construction and maintenance machinery and equipment are statutorily covered under the terms of 69 O.S. 636.1
— 69 O.S. 636.7 (1985), and the conclusions reached in this opinion regarding the propriety of sales of such items to counties are inapplicable to lease-purchase agreements.
Under the provisions of Chapter 33 of Title 19 of the Oklahoma Statutes, counties desiring to purchase by sale any machinery or equipment not exempted by the provisions of 19 O.S. 1501(3) (1985), must follow the guidelines and procedures set forth in 19 O.S. 1505(A), 19O.S. 1505(B) (1985), and then let the items through competitive bidding or request that the Purchasing Division of the Office of Public Affairs make the purchase for the county. Items exempt from the general bidding requirements are those where the cost of same does not exceed Seven Hundred Fifty Dollars ($750.00), where they are obtained through single sole source contracts, where they are obtained by auction from the State as provided for in 69 O.S. 1001, service or maintenance contracts on equipment or machinery entered into at the time of the purchase of such equipment or machinery, or purchases made pursuant to a blanket purchase order as provided for in 62 O.S. 310.8 (1981). 19 O.S. 1501(3) (1985).
These guidelines and procedures, which are set forth in 19 O.S.1505(1), as amended in 1982, require:
 1. The purchase by sale must be preceded by the transmission of a requisition to the county purchasing agent by the requesting county department for the desired items;
 2. The county purchasing agent must gather written recommendations from all county officers pertaining to any commonly used materials or equipment;
 3. The requisition and receipt by the county purchasing agent from the Purchasing Division of the Office of Public Affairs of the State of all contracts by the State quoting the price that the State is paying for such items;
 4. A request by the county purchasing agent to the Purchasing Director of the Office of Public Affairs to make the purchase for the county or for the solicitation of bids for unit prices on the desired items for periods of not to exceed six (6) months. If the county purchasing agent receives a request for an item for which he does not currently have a bid, he must request from the Purchasing Division all contracts quoting the price the State is paying for the item.
The county purchasing agent must then either request that the Purchasing Division make the purchase for the county or initiate the solicitation of competitive bids as set forth in 19 O.S. 1505(2) (1985). If a bid is taken upon an item that is on a current six-month bid list, the reason for the bid must be entered into the minutes of the board of county commissioners. 19 O.S. 1505(1) (1985).
If a bid is initiated by the county, the respective board of county commissioners is required to open the bids at a public meeting, and to compare them to the state contract price received from the Office of Public Affairs. The board of county commissioners may then award the purchase by sale to the lowest and best bid received and must do so within thirty (30) days of this meeting. 19 O.S. 1505(4) (1985).
The term "lowest and best bid" as used in this section has not been previously construed. However, the same phraseology has been included in the state statutes governing competitive bidding for many years and constructions thereof are applicable to your question. See, 25 O.S. 2
(1981).
In A.G. Opin. No. 80-203, it was opined that this term is not the same as the lowest bid received. Quoting from 81A C.J.S. States, 166, p. 628, the Attorney General recited:
 "While submission of the low bid is a factor of great importance and may not be lightly discarded, in making the award, the officers may consider the bidder's skill, his judgment, his general integrity, and his experience and reputation for satisfactory work. The officers may investigate and consider the background of bidders. . . .
 "Furthermore, the officers may consider the quality of the goods to be furnished, their conformity to specifications, the purpose for which they are required, and the terms of their delivery. Also, the officers may consider the distance of the bidder's place of business from the place of doing the work and the additional expense and delay consequently entailed."
This Opinion affirms that the base price of items to be purchased by sale is not the only determinative factor in making award decisions and also that related extrinsic criteria are proper concerns for the awarding officer to take into account. See also, Hannan v. Board of Education ofCity of Lawton, 107 P. 646 (Okla. 1909).
The precise question presented has been addressed in several other states, using the statutes of those jurisdictions. Where those states have laws mandating that public property be disposed of in a certain manner, such as through public auction, "total net cost" bidding has sometimes been deemed violative of those statutes. See, Neil B. McGinnisEquipment Co. v. Riggs, 422 P.2d 187 (Ariz.App. 1967); Douthit v.Allen, 426 S.W.2d 812 (Ark. 1968).
However, in the absence of such statutes, the Attorneys General of many states have examined the concept and found it not to be violative of their state's respective requirements that bids be awarded to the "lowest possible bidder" or to the "lowest and best bidder." The Attorney General of Texas, for example, in Opinion No. C-788, issued on December 9, 1966, stated, on this point:
 "The inclusion of this information in the bid proposal would, in our opinion, be relevant to the determination of the quality and performance of the machine to be purchased, as well as the ability, experience, and integrity of the bidder."
The Attorney General of South Dakota, in an Opinion issued October 25, 1965, reported in the Reports of the Attorney General of South Dakota 1965-1966, at pp. 211-215, stated:
 "It is a generally recognized principle that the initial cost price of equipment is only a part of the overall cost of said equipment and the actual overall cost can only be determined at the terminal use of such equipment.
 "It would appear that the `Guaranteed Bidding' technique is a procedure whereby a reasonable attempt is being made, prior to entering into a contract for the purchase of a specific piece of equipment, to predetermine and fix certain overall costs and to limit some of these potential costs at the time the contract is awarded and thereby give the purchaser a better opportunity to determine the `lowest responsible bidder' at the time the contract is awarded."
On this same point, see also, Op. Atty. Gen. Fla., Jan. 24, 1968; Op.Atty. Gen. Iowa, May 20, 1968; Op. Atty. Gen. Minn., No. 707a-7, Jan. 9, 1968; Op. Atty. Gen. Neb., No. 102, Sept. 27, 1967.
The rationale behind the general requirement for the lowest and best bidder to be awarded a public contract was spelled out by our own Supreme Court as long ago as 1909 in the case of Hannan v. Board of Education ofCity of Lawton, supra, where the Court stated that the significance of such a provision is twofold: first, to protect the public from collusive contracts and, second, to secure economy. Id., at Syl.2, p. 646.
It is also noteworthy to mention that an important statute relating to this process, 19 O.S. 1501(3)(e), referred to above, contemplates that the initial purchase price of a piece of machinery or equipment by a county in Oklahoma may lawfully include a service or maintenance agreement in the initial bid. The statutes governing the disposal and sale of county equipment in this State do not presently mandate that any particular method of resale or disposal be utilized, but merely that same be accounted for in a prescribed manner. See, 19 O.S. 1, 19 O.S. 339, 19O.S. 421 (1981); 19 O.S. 1505(E)(4) (1985).
Accordingly, as a general principle of law, the submission of a "total net cost" bid for the purchase by sale of highway maintenance or construction equipment or machinery by a county does not facially contravene the statutes of the State governing such purchases. It is, of course, possible that such a bid might, in individual cases, be impermissible if it could be demonstrated that it would not result in the "lowest and best" bid being received in a particular instance, or that it was intended to improperly eliminate a sufficient number of legitimate potential bidders so as to destroy the character of free and competitive bidding. However, such factual concerns must be weighed on an individual basis and cannot be reviewed in an official Opinion. Additionally, it is noted that the use of this type of total net cost bidding is not permitted for lease-purchase agreements under the provisions of 69 O.S.636.1 — 69 O.S. 636.7 (1985), those sections setting forth a mandatory acquisition method which precludes such a format.
It is, therefore, the official opinion of the Attorney General that aBoard of County Commissioners, as a general principle, may advertise andaccept bids for the purchase by sale of highway construction andmaintenance machinery and equipment using a "total net cost" conceptwhich requires the successful bidder to include as part of the bid aguarantee that the machinery or equipment will be serviced and maintainedby the successful bidder at a certain preset dollar amount during aspecified term stated in the bid documents, and which also requires thesuccessful bidder to repurchase the equipment or machinery at a presetprice at the end of a predetermined amount of time. However, individualfactual circumstances evident in a given situation might result in such abid being improper if it would not result in the lowest and best bid forthe purchase by sale to be received or if it was improperly intended toeliminate sufficient numbers of legitimate potential bidders so as todestroy the character of free and competitive bidding. Additionally, suchtotal net cost bids are not permitted for lease-purchases of highwayconstruction and maintenance equipment and machinery as governed by theprovisions of 69 O.S. 636.1 through 69 O.S. 636.7 (1985).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN, ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, TORT DEFENSE DIVISION