**Paul D. RYMER, Plaintiff-Appellee,**

v.

**Trooper H.A. DAVIS, et al.,
Defendants,**

**City of Shepherdsville, Kentucky, and
Ben Stillwell, Defendants-Appellants.**

**No. 83–5586.**

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 27, 1984.

Decided Oct. 28, 1985.

Mark E. Edison (argued), Shepherdsville, Ky., for defendants-appellants.

Harley N. Blankenship, Louisville, Ky., Peter Perlman (argued), Lexington, Ky., for plaintiff-appellee.

Before KEITH and JONES, Circuit Judges, and POTTER, District Judge.*

NATHANIEL R. JONES, Circuit Judge.

The United States Supreme Court has vacated our decision in *Rymer v. Davis*, 754 F.2d 198 (6th Cir.1984), and remanded that case to us for reconsideration in light of *City of Oklahoma City v. Tuttle*, —— U.S. ——, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). *See City of Shepherdsville v. Rymer*, —— U.S. ——, 105 S.Ct. 3518, 87 L.Ed.2d 646 (1985). Upon thorough reconsideration, we reaffirm and incorporate by reference our previous decision.

The issue in *Tuttle* was specifically limited to the question of "[w]hether a single isolated incident of the use of excessive force by a police officer establishes an official policy or practice of a municipality sufficient to render the municipality liable for damages under 42 U.S.C. § 1983." 105 S.Ct. at 2431 n. 2. The Supreme Court reversed the Court of Appeals' affirmance in *Tuttle* because the jury instructions permitted the jury to "infer" from "a single, unusually excessive use of force ... that it was attributable to inadequate training or supervision amounting to 'deliberate indifference' or 'gross negligence' on the part

* The Honorable John W. Potter, District Judge, United States District Court for the Northern District of Ohio, sitting by designation.

of the officials in charge." *Id.* at 2435. The Court noted that there existed independent evidence of the inadequate training but stated that "unfortunately for respondent, the instructions given by the District Court allowed the jury to impose liability on the basis of such a single incident without the benefit of the additional evidence." *Id.* The Court found that the jury instructions permitted the plaintiff to establish municipal liability without any proof of fault on the part of the municipality. *Id.; see also id.* at 2440 (Brennan, J., concurring).

In the instant case, the jury was instructed:

> If you find for the plaintiff with regard to his claim of excessive force, then you will consider the claim of excessive force, then you will consider the claim made by him against the City of Shepherdsville; and if you find from the preponderance of the evidence that the City of Shepherdsville trained its police officers in a way that was so reckless or grossly negligent that future police misconduct was almost inevitable or would be properly characterized as substantially certain to result, then you shall find for the plaintiff against the City of Shepherdsville.

Thus, the City of Shepherdsville was found liable based upon a finding by the jury that the City of Shepherdsville inadequately trained its police officers. No inference from a single incident of excessive force was involved. Consequently, the City was not held liable because it "hired 'one bad apple,'" *id.* at 2435, but because the City was itself a bad actor in failing to train its police force. Consequently, *Tuttle* is not controlling; rather, this case presents the exact issue upon which the Court refused to express an opinion. *See id.* at 2436 n. 7. We emphasize again, however, that our decision is not based on an inference but is based on all the facts and instructions set forth in our original disposition of this case.

Accordingly, upon reconsideration we reaffirm and incorporate our previous opinion.