Georgia **BEDDINGFIELD**, surviving spouse of William Beddingfield, Deceased,

v.

The **CITY OF PULASKI, TENNESSEE.**

No. 1–85–0091.

United States District Court, M.D. Tennessee, Columbia Division.

July 17, 1987.

Randall L. Kinnard, Joseph H. Johnston, Nashville, Tenn., for plaintiff.

Cornelia A. Clark, Robb S. Harvey, Farris Warfield & Kanaday, Nashville, Tenn., and Jack B. Henry, Henry & Massey, Pulaski, Tenn., for City of Pulaski, Tenn.

## MEMORANDUM

WISEMAN, Chief Judge.

Before the Court is defendant's motion for summary judgment in this action brought pursuant to 42 U.S.C. § 1983 and asserted pendent state law claims for wrongful death and violation of Tennessee Constitution art. 1, § 8 and art. 1, § 32. Plaintiff's decedent, William Beddingfield, hanged himself while an obviously intoxicated pretrial detainee in the drunk tank of the Pulaski city jail. Plaintiff's federal claims assert that the city, by failing to train jail officers to take certain precautions in dealing with persons who, like Beddingfield, are at high risk for suicide, was a proximate cause of his suicidal death. All individual defendants have been dismissed voluntarily; the city is the sole remaining defendant.

### I. *Section 1983 Claim*

In order to prevail on a failure-to-train claim, the plaintiff must show both that the city's failure to train was a "deprivation" of constitutional dimensions and that the resultant actions of individual untrained officers also were constitutional "deprivations." *See Rymer v. Davis*, 775 F.2d 756 (6th Cir.1985), *cert. denied,* —— U.S. ——, 107 S.Ct. 1369, 94 L.Ed.2d 685 (1987); *City of Los Angeles v. Heller*, 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

To prevail on the training issue, plaintiff will have to show by a preponderance of the evidence that the city:

> trained its police officers in a way that was so reckless or grossly negligent that future police misconduct was almost inevitable or would be properly characterized as substantially certain to result.

*Rymer*, 775 F.2d at 757.

To prevail on the issue of the individual (nonparty) jailers' resultant conduct, plaintiff at a minimum will have to show that one or more of those persons was grossly negligent, *i.e.*, that he did:

> something unreasonable with disregard to a known risk or a risk so obvious that he must be assumed to have been aware of it, and of a magnitude such that it is highly probable that harm will follow.

*Nishiyama v. Dickson County*, 814 F.2d 277, 282 (6th Cir.1987).

■ Upon reviewing the entire record and considering the arguments of the par-

ties, the Court concludes that there remain genuine issues as to material facts on both the issues of training and of individual conduct that will require trial for resolution. The record reveals that there was little or no training, and that at least some of the jailers were aware of Mr. Beddingfield's relatively severe intoxication. Whether the city's failure to train and the jailers' resultant acts or omissions rise to the level of culpability required by *Rymer* and *Nishayama* are factual determinations. Because these factual determinations may at least in part be informed by a jury's observation of the credibility and demeanor of the relevant witnesses, the Court concludes that plaintiff's constitutional claims [1] are supported sufficiently to survive the motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, ——, 106 S.Ct. 2505, 91 L.Ed.2d 202, 213 (1986).

## II. *State Pendent Claims*

Defendant argues that, on several grounds, all based on the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29–20–101 *et seq.*, this Court has no jurisdiction over plaintiff's pendent state-law claims. The Court agrees with one of defendant's contentions and therefore dismisses the pendent claims for lack of subject matter jurisdiction.

Tenn. Code Ann. § 29–20–307 requires that actions for negligence against governmental entities are within the "exclusive original jurisdiction" of the circuit courts and must be heard "without the intervention of a jury." All claims must be brought "in strict compliance" with the terms of the Act. Tenn. Code Ann. § 29–20–201(c).

The City of Pulaski is not entitled to sovereign immunity under the Eleventh Amendment from the section 1983 claim. *See Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977). Neither is it entitled to Eleventh Amendment immunity from the state pendent claim (absent a showing that relief would run against the state treasury). *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 123 n. 34, 104 S.Ct. 900, 920 n. 34, 79 L.Ed.2d 67 (1984). Nor would the City be immune if the basis of jurisdiction for the state-law claim were diversity of citizenship pursuant to 28 U.S.C. § 1332. *See Moor v. County of Alameda*, 411 U.S. 693, 717–18, 93 S.Ct. 1785, 1799–1800, 36 L.Ed.2d 596 (1973); *Lincoln County v. Luning*, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766 (1890); *Cowles v. Mercer County*, 74 U.S. (Wall.) 118, 19 L.Ed. 86 (1869).

In *Lincoln County v. Luning, supra,* the Supreme Court held that federal diversity jurisdiction in a controversy between a county and a citizen of another state was not defeated by a state statute that limited litigation to a named state court. "[N]o statute limitation of suability can defeat a jurisdiction given by the Constitution." *Lincoln County*, 133 U.S. at 531, 10 S.Ct. at 364 (quoting *Cowles*, 74 U.S. (Wall.) at 122, 19 L.Ed. at 88).

In the instant case, however, there is no separate constitutional basis for federal jurisdictional power notwithstanding the state-law limitation on suability. The basis for federal jurisdiction of diversity or federal-question claims against a Tennessee city or county is a combination of U.S. Const. article III, section 2, and of the Supremacy Clause, article VI, cl. 2. When the basis for federal jurisdiction is a pendent state-law claim, however, federal pow-

---

1. The Court denies defendant's motion with respect to the procedural due process claim because plaintiff here has alleged misconduct of more than a merely negligent character pursuant to a city policy of nontraining. This combination appears to survive the restrictions placed on such claims by *Wilson v. Beebe*, 770 F.2d 578 (6th Cir.1985) (*en banc*) and *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). *See Roberts v. City of Troy*, 773 F.2d 720, 727–28 & n. 2 (6th Cir.1985) (Celebrezze, J., concurring).

The survival of the procedural due process claim appears academic to the Court, however, because the elements necessary for its proof appear to be identical to the substantive due process claim. *See Davidson v. Cannon*, 474 U.S. 344, 346–47, 106 S.Ct. 668, 88 L.Ed.2d 677, 682 (1986).

er arises from the fact that, considered without regard for their federal or state character, plaintiff's separate claims arise from a common nucleus of operative fact and that "ordinarily" she would be "expected to try them all in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The exercise of that power remains discretionary, of course, and is informed by a variety of factors, including federalism. *Id.* at 726, 86 S.Ct. at 1139.

 Upon reviewing the relevant case law and the separate claims made in this case, the Court concludes, first, that as a matter of judicial power pendent jurisdiction probably cannot stand in the face of the limitations upon suability specified in Tenn. Code Ann. § 29–20–307. In a section 1983 claim, federal policy has dictated that the City be deemed a "person" for jurisdictional purposes. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In a diversity claim, federal policy already has been declared in the relevant jurisdictional section of the Constitution. In contrast, in the case of a pendent state-law claim, no Supremacy Clause interests are implicated. Rather than being precluded by the Supremacy Clause from applying the state-law limitation on suability to the state-law claim, in the case of a pendent state-law claim a federal court would appear *obligated* to apply the limitation as a matter of state substantive law. *See Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139; *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Second, even if federal jurisdictional power somehow were not foreshortened by section 29–20–307, this Court in this case would decline jurisdiction as a matter of discretion. Its main reasons would be that adjudication of the state-law claims might require further explication of the Govern-

mental Tort Liability Act,[2] and that considerations of federalism would require deference be given to the limitation upon suability imposed by the Tennessee legislature.

### III. *Conclusion*

For the reasons stated above, defendant's motion for summary judgment is granted with respect to the pendent state claim and denied with respect to the section 1983 claim seeking damages for failure to train.

---

**2.** Without reaching the merits of these issues, the Court notes that there are unsettled questions regarding the meaning of "discretionary function" and of "civil rights" in Tenn. Code Ann. § 29–20–205(2)–(3). *See Willis v. Barksdale*, 625 F.Supp. 411, 420–21 (W.D.Tenn.1985); *McKenna v. City of Memphis*, 544 F.Supp. 415, 418–19 (W.D.Tenn.1982), *aff'd*, 785 F.2d 560 (6th Cir.1986).