842 F.2d 332
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph MARTIN and Mamie Martin, Plaintiffs-Appellees,
v.
Jesse HARRIS, Defendant-Appellant.
 No. 87-5596.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1988.
 
 Before BOYCE F. MARTIN, Jr., and ALAN E. NORRIS, Circuit Judges and JOINER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Joseph Martin, filed this action under 42 U.S.C. Sec. 1983, alleging that defendant, Deputy Sheriff Jesse Harris, violated his civil rights by unlawfully entering and searching his house. The cause was tried to a jury, which found for plaintiff and awarded him $1.00 in nominal damages and $25,000 in punitive damages. Defendant appeals from the judgment entered upon the jury's verdict, and from the order of the district court overruling his motion for judgment notwithstanding the verdict, or for a new trial.
 
 
 2
 On September 15, 1984, several inmates escaped from the Mingo County, West Virginia jail. Defendant, a Mingo County deputy sheriff, together with the chief of police for Gilbert, West Virginia, drove to Pike County, Kentucky, in search of the escapees. The officers received word that an informant had told a police officer that the escapees were at the Pike County residence of plaintiff. Defendant and his companion picked up a Pike County deputy sheriff, and proceeded to plaintiff's home. The lawsuit arose out of the circumstances surrounding the search by defendant of plaintiff's home--plaintiff asserted it was without permission and under egregious circumstances, while defendant contended that it was conducted with the consent and blessing of plaintiff.
 
 
 3
 Defendant's first contention, that there was insufficient evidence to permit submission of punitive damages to the jury, is not well taken. A jury may assess punitive damages in an action brought pursuant to 42 U.S.C. Sec. 1983 when a defendant's conduct is shown to involve reckless or callous indifference to the federally-protected rights of the plaintiff. Smith v. Wade, 461 U.S. 30, 56 (1983). Plaintiff's testimony that defendant charged up the steps, banged on the side of the house, entered the house without identifying himself or stating his purpose, searched a bedroom, and then cocked his rifle and pointed it at plaintiff, was sufficient to support punitive damages.
 
 
 4
 Defendant next argues that, since he was outside his West Virginia jurisdiction and had no legal authority to enforce the law in Kentucky, the trial court erred by instructing the jury that he was acting under color of state law. The argument is without merit. The actions of a deputy sheriff who undertakes to perform his official duties is acting under color of law whether he hews to the line of his authority or oversteps it. Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir.1975), cert. dismissed, 429 U.S. 118 (1976). See Nishiyama v. Dickson County, Tennessee, 814 F.2d 277, 279-280 (6th Cir.1987) (en banc). Defendant was on duty, in uniform, and carrying out his assignment to locate the escaped prisoners when the incident occurred. Accordingly, it was not error to so instruct the jury.
 
 
 5
 Finally, it is contended that the jury's award of punitive damages in the amount of $25,000 was excessive, under the circumstances of this case. We agree. In view of the absence of physical abuse or excessive force, the disparity between the awards of nominal damages and punitive damages, and the common knowledge that police officers do not earn large salaries, it is apparent that the jury's award was so large as to shock the conscience. Gordon v. Norman, 788 F.2d 1194, 1200 (6th Cir.1986). The award is clearly beyond the maximum limit of a reasonable range of damages and beyond the highest amount the jury could properly have awarded. Under these circumstances, a trial court abuses its discretion when it refuses to disturb a jury's award. Rymer v. Davis, 754 F.2d 198, 201 (6th Cir.), vacated sub nom. City of Shepherdsville v. Rymer, 473 U.S. 901, aff'd on remand 775 F.2d 756 (1985), cert. denied, 107 S.Ct. 1369 (1987).
 
 
 6
 Accordingly, the order of the district court, denying defendant's motion for a new trial, is reversed to the extent that it failed to direct a remittitur. This cause is remanded to the district court with instructions to grant the motion for new trial; however, should plaintiff file in the district court within thirty days of the filing of this opinion a remittitur in the sum of $15,000 from the judgment for punitive damages, then the district court will reduce its judgment to $10,000 punitive damages, and so modified, the judgment will stand affirmed. Upon the failure of plaintiff to file such a remittitur in the manner and time set out, the district court's judgment shall stand reversed and a new trial shall be ordered.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation