**Mary METALJAN, Plaintiff,**

v.

**The MEMPHIS–SHELBY COUNTY AIRPORT AUTHORITY, et al., Defendants.**

**No. 90–2654–TUA.**

United States District Court, W.D. Tennessee, W.D.

Dec. 11, 1990.

---

Preston Davis Rideout, Jr., Abraham & Rideout, Greenwood, Miss., for plaintiff.

Steven R. Walker, Mary Peterson, Petkoff and Lancaster, Memphis, Tenn., for defendants.

ORDER ON PENDING MOTIONS

TURNER, District Judge.

Presently pending before this court are a number of motions filed by the defendant

Memphis–Shelby County Airport Authority ("MSCAA") in response to the complaint which seeks a judgment for damages against MSCAA and other private defendants as a result of injuries allegedly received by the plaintiff when an automatic door opening system closed on the plaintiff as she was passing through the doorway. The plaintiff asserts both strict liability and negligence theories. In addition, the plaintiff has moved to file a second amended complaint.

## MOTION TO AMEND

No response has been received from the defendants with respect to the plaintiff's motion to file her second amended complaint; the court knows of no reason why this motion should not be granted and therefore grants same. Leave is granted to plaintiff to file her second amended complaint within ten (10) days following entry of this order.

## MOTION AS TO LATENT DEFECTS

The motions of MSCAA are multiple. The defendant first moves to dismiss this action on the basis that it is immune to suit pursuant to the Tennessee Governmental Tort Liability Act, Tenn.Code Ann. § 29–20–101, *et seq.* Defendant asserts that it is not liable for latent defects of which the government did not have actual or constructive notice. The plaintiff's proposed second amended complaint speaks directly to this issue and includes a section which asserts constructive and/or actual notice by MSCAA with respect to the defects allegedly existing in this automatic door. The motion is, however, well taken pending the filing of the second amended complaint. The motion therefore is granted with leave, however, as already provided, for plaintiff to file an amended complaint within ten (10) days following entry of this order.

## MOTION AS TO LACK OF SUBJECT MATTER JURISDICTION

■ The second ground of the motion to dismiss is that this court, a federal district court, lacks jurisdiction over a complaint against a governmental entity under the Tennessee Governmental Tort Liability Act. Section 29–20–307 of Tenn.Code Ann. provides: "The circuit courts shall have exclusive original jurisdiction over any action brought under this chapter...." Tenn.Code Ann. § 29–20–307 (1990 Supp.). Defendant relies on the opinion set out in *Beddingfield v. City of Pulaski, Tennessee,* 666 F.Supp. 1064 (M.D.Tenn.1987). In that case Judge Wiseman found that although there was no separate constitutional basis for the exercise of federal jurisdictional power with respect to pendent state-law claims notwithstanding the state-law limitation on suability set forth in Tennessee's Governmental Tort Liability Act, it was appropriate for the federal district court to refuse to entertain federal jurisdiction over pendent state-law claims given the Tennessee legislative expression that tort suits against governmental entities in Tennessee should be prosecuted in the circuit courts. *Beddingfield* thus holds that:

> [N]o Supremacy Clause interests are implicated. Rather than being precluded by the Supremacy Clause from applying the state-law limitation on suability to the state-law claim, in the case of a.pendent state-law claim a federal court would appear *obligated* to apply the limitation as a matter of state substantive law.

*Id.* at 1067 (emphasis in original).

Plaintiff in response argues that the United States Supreme Court in *Lincoln County v. Luning,* 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766 (1890), recognized that the broad constitutional grant of jurisdiction to the federal courts to hear suits between citizens of different states could not be defeated by state statutes limiting litigation to a state court. The broad constitutional grant of jurisdiction to the federal courts referred to by the Supreme Court is that set out in article III, section 2,

and codified at 28 U.S.C. § 1332 with respect to claims between citizens of different states. Thus *Beddingfield* stated: "In *Lincoln County v. Luning, supra,* the Supreme Court held that federal diversity jurisdiction in a controversy between a county and a citizen of another state was not defeated by a state statute that limited litigation to a named state court." *Beddingfield,* 666 F.Supp. at 1066. *Beddingfield* also cites *Cowles v. Mercer County,* 74 U.S. (Wall.) 118, 19 L.Ed. 86 (1869), where the Supreme Court held that a state statute which limited jurisdiction over a claim against a county to the circuit courts of the county involved could not stand in light of the jurisdictional grant to federal courts in diversity cases created by the Constitution of the United States.

In this case, plaintiff is a resident of the State of Mississippi and the MSCAA is deemed a citizen of the State of Tennessee, being an airport authority organized and created pursuant to Tenn.Code Ann. § 42–3–101, *et seq.* Plaintiff asserts jurisdiction under 28 U.S.C. § 1332 based on the diversity of citizenship of the parties and the amount in controversy exceeding $50,-000. Defendant does not assert any claim that it is entitled to the state's immunity from federal judicial power as set out in the eleventh amendment.

The State of Tennessee has elected to waive governmental immunity as a defense with respect to certain claims more fully described in Tenn.Code Ann. § 29–20–301, *et seq.* Even though Tennessee had the right to retain governmental immunity, once it elected to submit itself to litigation of such claims it subjected such litigation to the provisions of the United States Constitution regarding claims between citizens of different states as set out in article III, section 2, and the Supremacy Clause as set out in article VI. Under the Supremacy Clause, the state does not have the power to override the provisions of the Constitution which provide that federal jurisdiction shall extend to cases between citizens of

different states. The motion to dismiss on the basis of this court's lack of subject matter jurisdiction is therefore denied.

## MOTION TO STRIKE JURY DEMAND

■ Defendant also moves to strike the plaintiff's demand for a jury. Tenn.Code Ann. § 29–20–307 provides that governmental tort claims shall be decided "without the intervention of a jury." In response, plaintiff asserts that the sanctity of trial by jury has long been recognized by the federal courts and that "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner,* 372 U.S. 221, 223, 83 S.Ct. 609, 611, 9 L.Ed.2d 691 (1963), *accord, K.M.C. Co., Inc. v. Irving Trust Co.,* 757 F.2d 752 (6th Cir.1985). Plaintiff then asserts that the seventh amendment to the United States Constitution preserves to litigants the right to a jury trial in suits at common law. The seventh amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...."

Plaintiff asserts that since this is an action *ex delicto* which by analogy falls under the old common law form of "action on the case," it is a claim which would have been tried to a jury at common law.

While it is true that the courts have looked to analogous common law causes of action, as well as the relief sought, to determine the scope of the seventh amendment,[1] such historical analysis has not been utilized in cases brought against the government following waiver of sovereign immunity.

In *Young v. United States Postal Service,* 869 F.2d 158, 159 (2d Cir.1989), the court held: "The constitutional basis for a jury trial, the seventh amendment, simply does not apply in actions against the federal government."

In *Hammond v. United States,* 786 F.2d 8 (1st Cir.1986), in dealing with the ques-

---

1. *See, Pernell v. Southall Realty,* 416 U.S. 363, 375, 94 S.Ct. 1723, 1729, 40 L.Ed.2d 198 (1974); *Curtis v. Loether,* 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974).

tion of a plaintiff's right to a jury trial under the Federal Tort Claims Act, the appellate court noted:

> There is no right to a jury trial against the sovereign under the seventh amendment. (citation omitted). If the United States can abolish the right to a cause of action altogether it can also abolish the right to a jury trial that is part of it.

*Id.* at 15.

In *Collins v. Government of the Virgin Islands*, 366 F.2d 279 (3d Cir.1966), *cert. denied*, 386 U.S. 958, 87 S.Ct. 1026, 18 L.Ed.2d 105 (1967), the appellate court, in dealing with the limitations set up by Congress on tort liability claims against the Virgin Islands, noted:

> The question as to whether Government having waived this immunity is entitled to a jury trial is free of the impact of the Seventh Amendment to the Constitution since it is clear that a suit against the sovereign was not a suit at common law within the meaning of the Seventh Amendment.

*Id.* at 282.

The Supreme Court has itself noted:

> It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government.
>
> . . . . .
>
> The reason that the Seventh Amendment presumption in favor of jury trials does not apply in actions at law against the United States is that the United States is immune from suit, and the Seventh Amendment right to a jury trial, therefore, never existed with respect to a suit against the United States.

*Lehman v. Nakshian*, 453 U.S. 156, 160, 162 n. 9, 101 S.Ct. 2698, 2701, 2702 n. 9, 69 L.Ed.2d 548 (1981).[2]

While these cases deal with the sovereign immunity of the United States, this court draws no distinction between the immunity afforded the United States as sovereign and that of the State of Tennessee insofar as the seventh amendment is concerned, nor do the parties point to any such distinction.

■ The right of sovereign immunity was well established at common law and a suit against the sovereign is not one that existed under the common law for purposes of the seventh amendment. The seventh amendment therefore did not at its inception and does not today create a right to a jury in an action against a sovereign. In light of this finding, there is no constitutional basis to compel the state to submit to a jury trial and the state, having had the right to maintain its immunity, also had the right to preclude claims against it being tried before a jury. The motion to strike the jury demand is well taken and is granted.

## MOTION TO SEVER

■ Defendant MSCAA also moves to sever the claims of the non-governmental defendants from those asserted against MSCAA. The defendant correctly points out that the plaintiff seeks a jury trial with respect to the non-governmental defendants and, as just held, is not entitled to a jury trial with respect to the claim against MSCAA. The motion to sever is in accord with the provisions of Tenn.Code Ann. § 29–20–313 (1990 Supp.) which provides that severance shall be utilized when multiple defendants are involved and the plaintiff demands a jury trial with respect to the non-governmental defendants. In light of the fact that the jury will not be asked to return a verdict as to MSCAA, but only as to the other defendants, the court is of the opinion that the joinder of the non-jury and jury claims would create substantial confusion among the jurors. The motion to sever is well taken and should be granted.

---

**2.** Although there was substantial dissent in this case, apparently all of the justices agreed that: "[t]here is of course no Seventh Amendment right to a jury trial against the Federal Government." *Lehman,* 453 U.S. at 171, n. 2, 101 S.Ct. at 2707, n. 2 (dissenting opinion).

## MOTION TO REDUCE AD DAMNUM

 Defendant MSCAA has also moved to dismiss or to reduce the ad damnum. Plaintiff asserts a claim against MSCAA as well as the other defendants in the amount of $1,000,000. The Tennessee Governmental Tort Liability Act provides that:

> No judgment or award rendered against a governmental entity may exceed the minimum amounts of insurance coverage for death, bodily injury and property damage liability specified in § 29–20–403, unless such governmental entity has secured insurance coverage in excess of said minimum requirements, in which event the judgment or award may not exceed the applicable limits provided in the insurance policy.

Tenn.Code Ann. § 29–20–311.

The current limits set out in Tenn.Code Ann. § 29–20–403 (1990 Supp.) are $130,000 for bodily injury. However, the court does not have before it any evidence with respect to whether MSCAA carries insurance over and above the minimum amounts required by the Tennessee Governmental Tort Liability Act. A factual issue exists with respect to that question and the motion to reduce the ad damnum is therefore not well taken at this time. The motion to dismiss or to reduce ad damnum on account of the claims for more than the minimum amounts of insurance coverage required by the Tennessee Governmental Tort Liability Act is denied without prejudice to the renewal of said motion when the issue of the amount of insurance coverage has been properly discovered and may be presented to the court.

## MOTION TO STRIKE INSURANCE REFERENCES

Finally, defendant MSCAA moves to strike references in the initial complaint to the defendant's insurance carrier. The plaintiff has, however, already filed a First Amended Complaint which deletes all reference to such insurance and the motion is now moot.

For the reasons stated, plaintiff's motion to file a second amended complaint is granted; the defendant MSCAA's motion to dismiss is denied; the motion to strike the jury demand is granted as to the claim against MSCAA; the motion to sever the claim against MSCAA from those asserted against private defendants is granted; the motion to dismiss or reduce ad damnum is denied without prejudice; and, the motion to strike reference to defendant's insurance carrier is denied for mootness.

IT IS SO ORDERED.