# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2573

_____

Melissa Lazarus,                              *
                                              *
                    Appellant,                *
                                              *
          v.                                  *
                                              *
The City of Dumas, Arkansas; Mayor            *
Clay Oldner; Everett Cox, Chief of            *    Appeal from the United States
the Dumas Police Department; Elijah           *    District Court for the Eastern
Finch, Member of the Dumas Police             *    District of Arkansas.
Department; McClinton Cobb, Trustee           *
for the Dumas Police Department;              *        [UNPUBLISHED]
P. C. Pickett; Raymond Riggins;               *
Robert Milner; James Jackson; Diane           *
Fisher; Roy Dalton; Dewayne Snyder;           *
Spencer Berry,                                *
                                              *
                    Appellees.                *

_____

Submitted: February 14, 2005
    Filed:   February 22, 2005

_____

Before MELLOY, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

      Melissa Lazarus was attacked and raped by a jail trustee and jailer while she
was incarcerated at the Dumas, Arkansas jail.  Both rapists were convicted and

sentenced. Lazarus brought this civil rights action against the City of Dumas and various city officials who were not involved in the attacks. The district court* granted summary judgment in favor of the defendants concluding the city officials were entitled to qualified immunity because they had no individual involvement and there was insufficient evidence of a pattern and practice for municipal liability.

To establish municipal liability under 42 U.S.C. § 1983, Smith had to show her constitutional rights were violated by an "action pursuant to official municipal policy" or misconduct so pervasive among nonpolicymaking employees of the municipality "as to constitute a 'custom or usage' with the force of law." Ware v. Jackson County, 150 F.3d 873, 880 (8th Cir. 1998). A custom or usage is shown by (1) the existence of a continuing, widespread, persistent pattern or unconstitutional misconduct by the governmental entity's employees, (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct, and (3) proof that the custom was the moving force behind the constitutional violation. Id. The district court held Smith failed to raise a genuine issue of material fact on any of the three requirements.

Lazarus argues the district court should have considered whether a single incident of a constitutional violation is offensive enough to establish a municipal custom, citing Rymer v. Davis, 775 F.2d 756 (6th Cir. 1985). According to the Supreme Court, however, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose [municipal] liability . . . unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Here, there is no evidence that a municipal policy caused the assaults. Indeed, the City had policies in place to protect inmate safety, and Lazarus does not argue otherwise. Further, Lazarus does

---

*The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

-2-

not contest the City's assertion that the attackers were properly investigated and trained before assuming duties at the City jail, and there is no genuine issue of material fact concerning any failure to supervise. There was no evidence of earlier complaints of sexual misconduct, and Lazarus's complaint was promptly investigated and her attackers were punished. See Ware, 150 F.3d at 881.

Having carefully reviewed the record, the briefs, and the applicable law, we conclude the district court properly granted summary judgment in this case. We thus affirm the district court.

_____