**Dale MONROE and Amanda Dabbs, Individually and as next friend of C.B.D. and M.D.D., Plaintiffs,**

v.

**McNAIRY COUNTY, TENNESSEE, et al., Defendants.**

**No. 07–1055–T–An.**

United States District Court, W.D. Tennessee, Eastern Division.

Nov. 6, 2007.

---

30. *Tucker v. City of Savannah,* 443 F.Supp.2d 971, 973 (W.D.Tenn.2006).

Matthew M. Maddox, Maddox Maddox & Maddox, Huntingdon, TN, for Plaintiffs.

James I. Pentecost, William B. Mauldin, Pentecost Glenn & Rudd, PLLC, Dale Conder, Jr., Rainey Kizer Reviere & Bell, Jackson, TN, Darrell J. O'Neal, Law Office of Darrell J. O'Neal, Memphis, TN, for Defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS CITY OF SELMER AND MICHAEL GILBERT

JAMES D. TODD, District Judge.

Plaintiffs Dale Monroe, individually, and Amanda Dabbs, individually and as next friend of C.B.D. and M.D.D., filed this action pursuant to 42 U.S.C. § 1983. Plaintiffs allege that Defendants violated their rights under the Constitution of the United States. Plaintiffs have also brought various state law claims. Defendants City of Selmer and Michael Gilbert have filed a motion for summary judgment [DE# 38] on numerous grounds, including qualified immunity. In their response, Plaintiffs state that they cannot adequately respond to Defendants* motion without discovery. Defendants, however, contend that discovery should be stayed pending the court's resolution of the issue of qualified immunity.

Plaintiffs are correct that "summary judgment is improper if the nonmovant is not afforded a sufficient opportunity for discovery." *Vance v. United States,* 90 F.3d 1145, 1148 (6th Cir.1996) (citing *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231–32 (6th Cir. 1994)). However, government officials are entitled to assert claims of qualified immunity prior to the onset of discovery in the form of a Fed.R.Civ.P. 12(b)(6) motion to dismiss. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). Because a defendant's motion for summary judgment ordinarily cannot be considered until the plaintiff has had some opportunity to conduct discovery, *see White's Landing Fisheries,* 29 F.3d at 231, the court will treat the present motion as a motion to dismiss on the ground of qualified immunity. *See also Skousen v. Brighton High School,* 305 F.3d 520 (6th Cir.2002) (District court was required to address the merits of the defendant's motion prior to permitting further discovery; to do otherwise would defeat the purpose of the qualified immunity which is immunity from suit, not merely immunity from liability.)

In the amended complaint, the factual allegations as to Defendant Gilbert are as follows. Defendant Gilbert is an officer with the police department of Sehner, Tennessee.

> [P]laintiff Mandy Dabbs was arriving at work to clean the BanCorp South building in Selmer, Tennessee. As she was parking her car, an unmarked SUV pulled up and defendant Selmer Police Officer Michael Gilbert, wearing special weapons and tactics clothing, exited the SUV and approached plaintiff Mandy Dabbs in the parking lot. Defendant Officer Gilbert advised plaintiff Mandy Dabbs that there was a warrant for her

arrest to which plaintiff Mandy Dabbs responded to the deputy that she did not believe there was a warrant for her. The deputy stated he would "check with Scotty." The deputy went to his patrol vehicle, and when he returned he released the plaintiff Dabbs.

Amended Complaint at para. 34. Plaintiffs contend that Defendant Gilbert violated Plaintiff Amanda Dabbs' constitutional rights by "seizing" her "based upon an unfounded allegation by Deputy Scott Heathcock of the existence of an outstanding arrest warrant." Plaintiffs' Response at pp. 14–15. Plaintiffs contend that Defendant Gilbert's "arrest" of Plaintiff Dabbs would not have been legal under Tennessee state law.[1] *Id.* at p. 8.

The initial inquiry in a § 1983 action is whether the plaintiff has been deprived of a right "secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Violations of state law alone are not sufficient to state a § 1983 claim. Although official conduct may violate state law, it does not necessarily rise to the level of a constitutional injury. *Id.* at 146, 99 S.Ct. 2689. "A state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law. State rather than federal courts are the appropriate institutions to enforce state rules." *Archie v. Racine*, 847 F.2d 1211, 1217 (7th Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 809 (1989). Therefore, to the extent that Plaintiffs rely on Tennessee state law to show that Defendant Gilbert violated their federal constitutional rights, those arguments are without merit.

Plaintiffs' claims against Defendant also fail because Defendant Gilbert is entitled to qualified immunity. When the defense of qualified immunity is raised, the plaintiff bears the burden of establishing that the "contours" of the constitutionally right allegedly violated were sufficiently clear, at the time of the alleged violation and in relation to the acts committed, "that a reasonable official would understand that his or her conduct violate[d] that right." *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir.1991); *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). The plaintiff may not allege the violation in terms of a general, abstract right. *Anderson*, 483 U.S. at 639–40, 107 S.Ct. 3034. Rather, the plaintiff must establish that "in light of pre-existing law the unlawfulness [was] apparent," *id.* at 640, 107 S.Ct. 3034, such that "any officer in the defendant's position, measured objectively, would have clearly understood that he was under an affirmative duty to have refrained from such conduct." *Poe v. Haydon*, 853 F.2d 418, 425 (6th Cir.1988), *cert. denied*, 488 U.S. 1007, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989). The determination of whether such a clearly established legal right existed is to be decided by the court as a matter of law. *Dominque v. Telb*, 831 F.2d 673, 677 (6th Cir.1987).

In the present case, the complaint alleges that (1) Defendant Gilbert stopped Plaintiff Amanda Dabbs and told her that there was an outstanding warrant for her arrest and that (2) when Plaintiff Amanda Dabbs told Defendant that there was no warrant, he checked with another officer and released Plaintiff when he determined

---

1. The court makes no determination as to whether Plaintiff Amanda Gibbs was actually "arrested" by Defendant Gilbert.

that there was no warrant.[2] Based on these allegations, the court finds as a matter of law that Defendant did not violate a clearly established constitutional right of Plaintiff. A law enforcement officer must have the latitude to stop someone who he believes is the subject of an outstanding arrest warrant, even if that belief is mistaken. *See Saucier v. Katz,* 533 U.S. 194, 205, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ("The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct."); *Scott v. Clay County,* 205 F.3d 867, 873–74 n. 9 (6th Cir.2000) (Qualified immunity "sweeps broadly, affording [state officials] ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." (internal quotation omitted)).

In the present case, Defendant Gilbert quickly took steps to determine if his belief that there was a warrant was correct, and he released Plaintiff Dabbs immediately upon determining that there was no warrant. *See McBride v. Maynard,* 1999 WL 16661 (6th Cir.1999) (citing *Hunter v. Bryant,* 502 U.S. 224, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)) (Qualified immunity shields police officers from suit if a reasonable officer could have believed the plaintiff's arrest to be lawful, in light of clearly established law and the information that the officer possessed.) Thus, Defendant Gilbert is qualifiedly immune from Plaintiffs' claims.

■ As for Plaintiffs state law claims, the court does not have jurisdiction over those claims. Since Defendant is a gov-

ernmental employee, he is immune from suits based on state law except as provided by the Tennessee Governmental Tort Liability Act, T.C.A. § 29–20–302, *et seq.* ("TGTLA"). This act provides that the circuit courts have exclusive original jurisdiction over claims brought under the Act. T.C.A. § 29–20–307. *See Beddingfield v. Pulaski,* 666 F.Supp. 1064 (M.D.Tenn. 1987), *reversed on other grounds,* 861 F.2d 968 (6th Cir.1988). Therefore, this court does not have jurisdiction over Plaintiffs' state law claims. *Cf. Timberlake v. Benton,* 786 F.Supp. 676 (M.D.Tenn.1992) (Granting the motion to dismiss of the City and the officers in their official capacities pursuant to *Beddingfield* but declining to apply the holding in *Beddingfield* to the officers in their individual capacities.)

Alternatively, the court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See Maxwell v. Conn,* 893 F.2d 1335, 1990 WL 2774 (6th Cir.1990). (While the federal claims would ordinarily confer jurisdiction over plaintiff's TGTLA claims because they arise out of the same nucleus of operative fact, the decision of the Tennessee legislature to grant original jurisdiction to state circuit courts belies plaintiff's claim that he could expect to try all his claims in the same judicial proceeding, and the district court properly declined to exercise its discretion by extending pendent jurisdiction over the state common law negligence claims because of concerns of jury confusion.) *Accord Spurlock v. Whitley,* 971 F.Supp. 1166 (M.D.Tenn.1997), *aff'd* 167 F.3d 995 (6th Cir.1999) (A court may decline to exercise supplemental jurisdiction if "in exceptional circumstances," there are "compelling rea-

**2.** In Plaintiff's affidavit attached to the response, Plaintiff states that the encounter lasted between ten and fifteen minutes and that she "thought" that she was under arrest. Based on Plaintiff's own testimony, even if Defendant Gilbert violated her constitutional

rights, the violation was de minimis. *See Ingraham v. Wright,* 430 U.S. 651, 674, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) ("There is, of course, a de minimis level of imposition with which the Constitution is not concerned.").

sons for declining jurisdiction," 28 U.S.C. § 1367(c)(4), and the exclusivity provision of the TGTLA provides a compelling reason for this court to decline supplemental jurisdiction of the TGTLA claim.) Accordingly, the state law claims brought against Defendant Gilbert are dismissed.

■ Plaintiffs allege that Defendant City of Selmer is liable to them for its failure to properly train and/or supervise Defendant Gilbert. Absent proof that an arrest or seizure violated a plaintiff's federal constitutional rights, there can be no municipal liability under *Monell v. Department of Social Services of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *Wilson v. Morgan*, 477 F.3d 326, 344 (6th Cir.2007). *See also Jones v. Reynolds*, 438 F.3d 685 (6 Cir.2006) ("Accordingly, whether it was the policy of the department not to stop drag races occurring in Detroit (as Jones claims) or whether state law prevented the department's intervention (as the City claims) makes no difference to the outcome of this dispute. That the officers did not violate Denise Jones' constitutional rights eliminates any potential derivative liability of the City.")

Because the court has dismissed the claims against Defendant Gilbert, the claims against the City of Selmer must also be dismissed since the municipal claims are derivative. Consequently, the motion for summary judgment of Defendants City of Selmer and Michael Gilbert is GRANTED, and these defendants are DISMISSED from the action. IT IS SO ORDERED.